JOHN DOLAN *vs*. COURT GOOD SAMARITAN, NO. 5910, ANCIENT ORDER OF FORESTERS.

Bristol.   Oct. 29, 1879. — March 30, 1880.   COLT & AMES, JJ., absent.

If an incorporated benevolent society, whose by-laws provide for the payment of a weekly allowance to a sick member, upon the performance of certain condi- :ions by him, refuses to fulfil its contract, the member injured thereby may maintain an action at law against it, if the by-laws of the society make no pro- vision for a tribunal to decide questions arising between the society and its members.

The by-laws of an incorporated benevolent society provided that a sick member, upon sending to the society " every week during his sickness " a certificate signed by a qualified surgeon, stating his illness, " shall be entitled to a weekly allowance of five dollars." A member of the society was taken ill, in another state, and sent to the society a certificate, stating his illness and signed by a person who was in fact a surgeon in attendance upon him, but who did not describe himself in the certificate as such. Accompanying the certificate was

a letter from the member, in which he spoke of it as the doctor's certificate. No other certificate was furnished until after his return to this state about three months later, when he furnished a certificate that he had been ill since the date named in his first certificate. *Held*, that the first certificate was a substantial compliance with the by-law, and entitled the member to receive an allowance for one week; and that he was not entitled to any further allowance.

CONTRACT by a member of the defendant society, a corporation duly established by law, to recover $63, alleged to be due the plaintiff according to the by-laws of the society. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who ruled that the plaintiff could not recover; and found for the defendant. The plaintiff alleged exceptions, which appear in the opinion.

*J. W. Cummings*, for the plaintiff.

*M. Reed*, for the defendant.

MORTON, J. The sixteenth article of the defendant's by-laws provides that " any member who may be sick, lame or infirm, and incapable of following his usual trade, occupation or employment, provided such sickness does not arise from intemperance or sexual indiscretion, in which case he will receive no benefits from the funds or court doctor, (notwithstanding he may continue to carry on or conduct the business by his wife, servant or children,) shall be entitled to a weekly allowance of five dollars, which shall be paid to him, if clear on the books, for 26 weeks." The seventeenth article provides that " no sick money shall be paid to any member until the chief ranger or secretary receive a certificate, signed by the surgeon of the court, or by a qualified surgeon, stating his illness, provided the member reside within two miles from the City Hall; if a sick member reside beyond such distance he will send a certificate from the surgeon who attends him, and send one every week during his sickness, disability or affliction to the secretary or chief ranger."

Without doubt the duties required of the sick member by the seventeenth article were intended and understood as conditions precedent to his right to claim the weekly allowance. But, upon the performance of these conditions, the sixteenth article declares that " he shall be entitled to " such allowance.

So far as the bill of exceptions shows, there is no discretion in the officers, or in any tribunal provided by the by-laws. The member is absolutely entitled to the allowance; there exists a

simple duty on the part of the defendant to pay it to him, and there is an implied contract to do so founded upon the consideration of the payment by the member of his dues. The corporation is not a mere charitable society, but is rather in the nature of an association for the mutual insurance of its members against sickness or accident. If it refuses to perform its contract contained in the by-laws, the member who is injured may have recourse to the proper courts to enforce the contract.

The cases upon which the defendant relies are distinguishable from the case at bar. In each of those cases, the by-laws or articles of association of the society contained provisions for some body or tribunal who were to pass upon the question of the liability of the society, and each case was decided upon the ground that the parties, having selected a tribunal, were concluded by the decision of the forum of their choice. *Black & White Smiths' Society* v. *Vandyke*, 2 Whart. 309. *Toram* v. *Howard Association*, 4 Penn. St. 519. *Anacosta Tribe of Red Men* v. *Murbach*, 13 Md. 91. But in the present case there does not appear to be any by-law, providing that the officers or any other tribunal may decide questions arising between the members and the corporation, by which the plaintiff has selected or agreed to any special tribunal to decide his rights, and is precluded from having recourse to the courts of law to enforce them.

The next inquiry is whether the plaintiff has proved a compliance on his part with the conditions of the by-laws, so as to entitle him to recover the whole, or any part, of the allowances for which this suit is brought. It is admitted that he was a member in good standing, had paid all his fees and dues, and was " clear on the books."

On June 13, 1878, he was taken sick in the State of Colorado, and his sickness did not arise from intemperance or sexual indiscretion. He sent to the defendant's secretary a certificate stating his sickness, which was received on June 19, 1878. The only objection made to this certificate is that the person who signed it did not describe himself as a surgeon or physician. But the signer was in fact the surgeon in attendance upon the plaintiff, and a letter from the plaintiff accompanied the certificate, in which he spoke of it as the " doctor's note to certify that I have been sick and I am sick." The defendant thus

had a surgeon's certificate and notice that the person signing it was a surgeon, as fully as if the signer had added "Surgeon" or "M. D." to his signature. We think this was a substantial compliance with the by-law, and entitled the plaintiff to receive an allowance of five dollars for one week; and that the right to this allowance vested in him and was not forfeited or lost by his failure to send the future certificates required to entitle him to further weekly allowances.

But, upon the facts now presented to us, we are unable to see how he can recover anything more than one weekly allowance. The by-laws require that he shall send a certificate "every week during his sickness." By the fair interpretation of the by-laws, the sending of such certificate by a sick member is a condition precedent to his right to demand the weekly allowance, and he can claim only the allowance for each week for which he has furnished the certificate. The plaintiff, after he sent the first certificate in June 1878, did not furnish any other certificate during his sickness until after his return to Fall River in September 1878. He then furnished a certificate that he had been sick since June 13, 1878. But this was not a substantial compliance with the seventeenth article of the by-laws. No excuse is given for his failure to comply with the requirements of the by-laws; and we therefore need not consider what might be the effect upon the rights of the parties if he had been prevented by an act of God which rendered him incapable of sending the required certificates. Having chosen to stipulate as one of the conditions of his right to a weekly allowance that he would furnish a weekly certificate, he is bound by his contract, and cannot claim the allowance for those weeks when he neglected to send the certificate.

It follows that, upon the facts appearing in this case, the Superior Court should have rendered judgment for the plaintiff for five dollars, with interest.                    *Exceptions sustained.*