JOHN T. CHAMBERLAIN & others *vs.* CHARLES S. LINCOLN & others.

Suffolk. March 17. — June 30, 1880. AMES & LORD, JJ., absent.

The rights of different persons claiming to represent a subordinate lodge of the Order of Good Templars of Massachusetts are to be determined by the constitution of the Grand Lodge, and, although a subordinate lodge has done acts which render it liable to have its charter declared forfeited by the Grand Lodge, yet, until such forfeiture has been declared, it is entitled to possession of the property of the lodge; and a bill in equity cannot be maintained against its members to recover possession of such property by persons claiming to be recognized by the Grand Lodge as the subordinate lodge, until they have exhausted the remedies prescribed in the constitution of the Grand Lodge.

BILL IN EQUITY by three persons claiming to be officers, trustees, and members of Royal Arch Lodge No. 17 of the Independent Order of Good Templars, in behalf of themselves and the other members of said lodge, against three persons alleged to be the officers of an association wrongfully claiming the name and title of the Royal Arch Lodge, to obtain the records, books, charter, ritual and other property of said lodge, and to restrain the defendants from using the name of the lodge and from spending a certain sum of money belonging to the lodge. A demurrer to the bill was sustained, and the bill dismissed, with costs ; and the plaintiffs appealed to the full court. The material allegations of the bill and the provisions of the constitution of the Grand Lodge appear in the opinion.

*A. E. Pillsbury*, for the defendants.

*A. Russ*, for the plaintiffs.

ENDICOTT, J. We are of opinion that the plaintiffs in their bill show no ground for the relief prayed for.

The Grand Lodge of the Order of Good Templars of Massachusetts is alleged to be a corporation, duly established by law, for the purpose of promoting the cause of temperance. Under the constitution of this corporation, which is made part of the bill, authority is given to issue charters to subordinate lodges, upon the application of ten or more persons in good standing, and to suspend or revoke the same, and to demand the surrender of the charter and books of a lodge from any person in whose custody and possession they are. It does not appear that by such surrender the charter is necessarily suspended, revoked or forfeited. On the contrary, it is provided that it may be returned at any time within a year on the petition of ten members in good standing at the time of the surrender. Among the duties imposed upon the subordinate lodges thus created is the payment quarterly of a per capita tax to the Grand Lodge, and, failing to do this, or to hold meetings or make returns for twelve months, the charter is thereby forfeited and may be reclaimed by the council of the Grand Lodge. Any member of a subordinate lodge has the right of appeal to the officers of the Grand Lodge, if dissatisfied with any decision of the lodge. All appeals must be in writing, and due notice given of the same ; and the Grand Lodge is empowered to receive and decide them upon hearing, and to determine all questions of law and usage.

It is clear that the rights of the members of the subordinate lodges must be determined by the provisions of these instruments. *Grosvenor* v. *United Society of Believers*, 118 Mass. 78.

Both parties in this case claim to represent the subordinate lodge known by the name of Royal Arch Lodge No. 17. At one of its regular meetings, on April 29, 1879, the members voted not to pay the per capita tax, and to sever their connection with the Grand Lodge. At a subsequent meeting on May 6, the majority refusing to rescind the former vote, the persons constituting the minority retired from the meeting and elected officers of the lodge, who, the bill alleges, were installed in office by the Grand Worthy Chief Templar as provided in the constitution of the Grand Lodge, and that this action was formally approved

by the authorities of the Grand Lodge.    But it does not appear by the constitution that it is one of the duties of the Grand Worthy Chief Templar to install the officers of subordinate lodges.    This power is given to and imposed upon lodge deputies in express terms.

The plaintiffs, who were thus elected officers, in behalf of their associates, thereupon demanded of the defendants the delivery to them of the books, records, charter, and other property of the lodge in their custody and possession.    The defendants refused to comply with this demand, and the plaintiffs on June 2 following filed this bill, praying that they be ordered to deliver up all said property, and be perpetually enjoined from using the name or acting as officers of the lodge.

But we are not called upon to determine between these parties, each claiming to be Royal Arch Lodge No. 17 and subject to the control and supervision of the Grand Lodge, to which the charter and other property of the subordinate lodge belong.    The instruments under which this lodge is organized afford ample means of determining that question, by the action of the Grand Lodge upon its own motion, or upon appeal by the parties aggrieved.    They may revoke the charter or suspend it, or demand its surrender and the surrender of the books from the defendants. We cannot say that they would not be justified in taking either of these courses, in view of the action of the defendants, but they have not seen fit to take either course.    While the charter remains in force and is held by the defendants, and no formal action has been taken to deprive them of it, the defendants would seem also to have the right to hold the other property of which they are in possession under and by virtue of their charter.    The failure to pay the tax or to make returns does not work a forfeiture of the charter unless continued for twelve months.    Nor does the vote passed by the lodge not to pay the tax and to sever its connection with the Grand Lodge, in itself and without action on the part of the Grand Lodge, work a forfeiture.    Nor can the approval by the Grand Lodge of the installation of the plaintiffs as officers by the Grand Worthy Chief Templar, be taken as an implied revocation of the charter, for the rules prescribe how and in what manner a charter may be reclaimed or taken from a subordinate lodge.

The plaintiffs and their associates, if aggrieved by the action of the defendants, could have appealed to the Grand Lodge. That tribunal, after hearing had, could have dem~ ˘)d the surrender of the charter from the defendants, and returned it to the plaintiffs on their petition, if members of the lodge in good standing at the time of the surrender. Instead of taking this course, they at once seek relief by this bill; and we are of opinion that the demurrer was properly sustained, and the bill dismissed.

*Decree affirmed, with costs.*