THERESA KARCHER, administratrix, *vs.* SUPREME LODGE KNIGHTS OF HONOR.

Suffolk.    March 6. — June 28, 1884.    DEVENS & COLBURN, JJ., absent.

A subordinate lodge of an incorporated benevolent association issued to K., upon his becoming a member, a certificate promising that the supreme lodge would pay a certain sum, upon due notice of his death and the surrender of the certificate, to such person as he should direct the same to be paid, "provided he is in good standing when he dies." K. was suspended by the subordinate lodge and had notice of such suspension, but did not appeal from the decision suspending him to the supreme lodge, as, under the constitution, he had the right to do; and such decision remained in force until his death. *Held,* that the administrator of K.'s estate, who was also the person to whom K. had directed the sum named in the certificate to be paid, could not maintain an action therefor against the supreme lodge; and that evidence that he ought not to have been suspended was inadmissible.

CONTRACT by the administratrix of the estate of George W. Karcher, to recover the sum of $2000, and interest thereon. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff is the widow of George W. Karcher, and the beneficiary named in the certificate hereinafter referred to.

The defendant is a corporation, incorporated under the laws of the Commonwealth of Kentucky. Section two of its charter is as follows: "The objects of the corporation shall be: To unite fraternally all acceptable white men of every profession, business, and occupation ; to give all moral and material aid in its power to its members and those depending upon its members by holding moral, instructive, and scientific lectures,

by encouraging each other in business, and by assisting each other to obtain employment; to promote benevolence and charity by establishing a widows' and orphans' benefit fund, from which, on the satisfactory evidence of the death of a member of the corporation who has complied with its lawful requirements, a sum not exceeding five thousand dollars shall be paid to his family or as he may direct; to provide for creating a fund for the relief of sick and distressed members; to ameliorate the condition of humanity in every possible manner." The defendant corporation is the supreme authority of the order known as the "Knights of Honor."

The plaintiff's intestate was duly admitted as a beneficiary member of said order on or about April 24, 1877, and the defendant made with him a contract in writing, designated as a benefit certificate, which contained the following:

"This certifies that George W. Karcher has received the degree of manhood; that he is a beneficiary member of this lodge in good standing; that, in accordance with, and under the provisions of, the laws governing the order, the sum of two thousand dollars will be paid by the Supreme Lodge Knights of Honor of the World, as a benefit, upon due notice of his death and the surrender of this certificate to such person or persons as he may by will or entry on record-book of this lodge, or on the face of this certificate, direct the same to be paid, provided he is in good standing when he dies."

On the face of the certificate was the following, signed by George W. Karcher: "It is my will that the benefit named in this certificate be paid to my wife, Theresa Karcher."

Golden Rule Lodge No. 206 Knights of Honor of Boston, which admitted Karcher to the order, and of which he was a member, was a subordinate lodge, existing by authority of the defendant corporation, and Karcher was, on December 10, 1878, suspended in usual form by the Golden Rule Lodge for non-payment of an assessment, amounting to one dollar, to the widows' and orphans' benefit fund.

Karcher became sick, and was obliged to leave work on account of his sickness on September 15, 1878, and was reported sick in the Golden Rule Lodge prior to the time he was declared suspended, and from September 15, 1878, he did not resume

work, and was physically unable to do so until he died, on May 9, 1879, of pulmonary consumption.

The constitution prescribed by the defendant corporation for subordinate lodges contained the following: "Any member considering that injustice has been done him by the decision of this lodge may, within one month after such decision, make a written appeal to the supreme or grand lodge, if in session, or to the supreme or grand dictator during a recess, stating his reasons therefor." The constitution of said supreme lodge contained the following provision: "It shall be the body to which all appeals shall be made on all matters of importance emanating from grand and subordinate lodges." No appeal was taken by Karcher, in accordance with the above provisions.

The plaintiff contended, and offered to prove, that Karcher had complied with the laws of this lodge and of the defendant corporation, and was, in accordance with said laws, in good standing, except for the suspension referred to above, and was not liable to suspension for non-payment of said assessment; that he was sick at the time, that his lodge was bound to keep him in good standing, and that the suspension was without proper and sufficient notice, because the constitution of the defendant required said notice to be under the seal of the lodge, whereas the notice sent to Karcher contained only a printed fac-simile of said seal, made by the printer at the time of printing the notice, and in violation of his rights, and consequently was illegal and void; and that she had a right to prove the same and maintain this action. It was admitted by the plaintiff, that, if the suspension of her intestate was legal, and in accordance with the laws of the defendant corporation, he was not in "good standing" at the time of his death. The plaintiff offered no evidence of any fraudulent acts on the part of the defendant or of the Golden Rule Lodge. It was also admitted that the plaintiff's intestate did not pay the assessment for the non-payment of which he was suspended; and the plaintiff contended that the assessment should have been paid out of the sick benefits due the intestate.

The judge refused the offer of proof; ruled that the plaintiff could not maintain her action upon the above evidence, for the reason that the same, if true, would not invalidate the

suspension of the intestate; and directed a verdict for the defendant. If the ruling was correct, the verdict was to stand, and judgment to be entered thereon; otherwise, a new trial to be ordered.

*F. Hutchinson,* for the plaintiff.

*G. A. Torrey & J. H. Butler,* (*J. O. Pierce* with them,) for the defendant.

FIELD, J.   Assuming that an action can be maintained against the defendant corporation for a breach of the contract contained in the certificate issued by the Golden Rule Lodge, that certificate promises that two thousand dollars shall be paid "upon due notice of his [George W. Karcher's] death, and the surrender of this certificate to such person or persons as he may by will or entry on record-book of this lodge, or on the face of this certificate, direct the same to be paid, provided he is in good standing when he dies." George W. Karcher was not in good standing when he died, having before that time been suspended by the Golden Rule Lodge, and the order suspending him remaining unrevoked and unreversed at the time of his death. He had had notice of the proceedings, and had not appealed therefrom to the Supreme Lodge, as he had the right to do.

The plaintiff objects that this notice was invalid, because it contained only a printed fac-simile of the seal of the lodge, and the constitution of the defendant required that it be under the seal of the lodge. The provisions of the constitution are not fully set out, and we are therefore unable to determine whether, by the constitution, the presence of the seal is made anything more than a matter of form, or whether, by the true construction of the constitution, a printed fac-simile of the seal is not what was intended. There is no evidence that Karcher was misled by the notice, or that it was not in all respects as effectual in giving him information as if it had contained an actual impression of the seal of the lodge. So far as appears, this defect in the notice, if it was a defect, was immaterial.

The plaintiff also offers to prove that, although Karcher did not pay the assessment for the non-payment of which he was suspended, he was ill at the time, and was not therefore liable to suspension for non-payment of the assessment, because the

lodge was bound to keep him in good standing during his illness. No evidence of any fraudulent acts on the part of the defendant or of the Golden Rule Lodge was offered. As the constitution and by-laws of the defendant, or of the Golden Rule Lodge, are not fully set out, we cannot construe them; but it appears that George W. Karcher was a member of the Golden Rule Lodge, and was "suspended in usual form;" and it must be assumed that this was done according to the rules of the lodge, and that, as a member, he was subject to these rules. The evidence offered amounts to this, that the Golden Rule Lodge, in good faith and in the manner prescribed by its rules, suspended Karcher for a cause which, unexplained, warranted suspension, but for which his illness was a justification. It was his duty to exhaust the remedies provided by the society of which he was a member before appealing to the courts. *Chamberlain* v. *Lincoln*, 129 Mass. 70. He was suspended by the tribunal which he had chosen to determine the question according to rules to which he assented in becoming a member, and he received notice of the proceedings. The action of this tribunal, according to its rules, on a question which it had authority to decide, honestly taken, after the requisite notice to him, cannot be collaterally reviewed in this suit, on the ground that facts existed, which, if brought to the notice of the tribunal, would have warranted or required a different decision. *Grosvenor* v. *United Society of Believers*, 118 Mass. 78. *Dolan* v. *Court Good Samaritan*, 128 Mass. 437.

*Judgment on the verdict.*