Shattck, J.
Assuming the truth of the allegations of fact contained in the petition, it is clear that the controversy between De La .Motta and Cerneau bodies does not in any way concern ancient craft Masonry; that the action of the Grand Lodge prohibiting membership in the Blue Lodge by those who are members of a Cerneau body was not prompted by any consideration of the interests of the symbolic lodges, and that the *149 charges upon which the plaintiffs are about to be tried with a view to their expulsion from Goodale Lodge, do not allege against them any conduct inconsistent with honorable and faithful membership in that lodge.
Harrison, Olds & Henderson, Gilmore & Gilmore, and Frank A. Dávis, for plaintiffs.
Morey, Andrews & Morey, J, T. Holmes aud John E. Sater, eontra.
It is equally clear that by becoming or remaining members of Cerneau bodies after said action by the Grand Lodge the offenses of the plaintiffs were several and not joint.
But the allegations that the defendants, in their efforts to expel the plaintiffs, expect to succeed by depriving them of their right to vote in all the cases contrary to natural right and in violation of the rules of the order, and that some of the defendants have announced their intention to do so, do not warrant the interference of a court of equity. Notwithstanding these averments, we must presume that the trial of the plaintiffs will be in accordance with natural right and the rules of the order, and that they will not be expelled for disregarding any requirement which the Grand Lodge had no authority to make. Should the trial result otherwise, it will be the duty of the plaintiffs to resort to such modes of redress as may be had in the judicatories of the order.
This doctrine was held by this court in the case of Kent v. The Odd Fellows’ Beneficial Association, and is recognized in Gregg et al. v. The Mass. Medical Society, 111 Mass.; McAlees Supreme Sitting etc., 13 Atlantic R. 755 and 129 Mass. 70.
We do not anticipate questions that may hereafter arise, by expressing any opinion as to the circumstances under which, if at all, a court of equity may interpose in behalf of those who feel aggrieved by the final determination in the judicatories of the order.
The demurrer will be sustained.