JOSEPH ST. CLEMENT *vs.* L'INSTITUT JACQUES CARTIER.

Androscoggin.    Opinion October 15, 1901.

*Mut. Relief Association. Insurance. Action. Waiver. R. S., c. 55, § 5.*

Corporations organized under R. S., c. 55, § 5, for the purpose of mutual insurance are not exempt from suit by its members. They are neither charitable nor benevolent societies which are exempt from such suits.

*Held;* that the defendant's obligations to its members are contractual and are essentially contracts of insurance; *also,* that for breach of its contracts the defendant is liable to an action at law.

Where the conditions precedent to the plaintiff's right to recover benefits for the period of his sickness were substantially, though not literally, complied with, *held;* that any failure in this respect is waived by the defendant's president, who with full knowledge of the facts, resisted payment on the grounds that the plaintiff had not been sick and made no objection on account of the non-performance of the conditions by the plaintiff.

On exceptions by plaintiff.    Sustained.

Assumpsit to recover thirteen weeks sick benefits, from January 4, to April 5, 1898, at four dollars per week. The declaration contained two counts, one on account annexed to the writ, and second a special count in assumpsit.

The case was first tried in the Municipal Court for the City of Lewiston. It was then appealed by the plaintiff to this court, for Androscoggin county, and was there tried by jury at the January term, 1900. After the evidence for the plaintiff was in, the court directed a non-suit, to which exceptions were taken by the plaintiff. It was then ordered that the case be reported to the law court, and the parties agreed that if the ruling was wrong, the non-suit should be set aside and judgment entered for the plaintiff for such sum as the law court determines he is entitled to recover under the evidence, admissions and by-laws; otherwise non-suit to be confirmed. The case then came to the law court in 1900, after being argued in writing.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for plaintiff.

*W. H. Newell, and W. B. Skelton,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, FOGLER, POWERS, PEABODY, JJ.

STROUT, J.  This is a suit to recover fifty-two dollars for sick benefits.  As a member in regular standing, the plaintiff became entitled to this amount under the constitution and by-laws of defendant, if he had complied with the requirements as to notice and claim.

The defense is non-compliance with the by-laws in this regard, and also that no action lies for benefits, because by sec. 5 of chap. 55 of the revised statutes a corporation "organized for benevolent or charitable purposes" is not subject to suit by any member "for any benefit or sum due him," and it is claimed that defendant is a corporation of this class.

The by-laws, article 19, § 3, provide that "in case of sickness, a member absent from the city, must, if he would receive his benefits, inform the society of it in writing, after seven days of sickness," and if it continues, send a certificate of the attending physician, stating his sickness, and countersigned by the priest or a justice of the peace.

Another by-law, article 19, § 5, provides that "an absent member cannot receive benefits without making application to the society as above mentioned, and his application will not have effect for more than eight days preceding the date of the postmark from which the demand came."

Another by-law, article 2, § 26, provides that no benefit shall be paid, unless the member is sick more than one week.

Under these by-laws, it is made a condition precedent that notice of sickness shall be given, and a claim made for benefits, together with the physician's and priest's certificate as to the fact, kind and extent of sickness.  It can hardly be supposed that in case of continued sickness, the absent member was required to repeat his notice and claim each succeeding week, notwithstanding the provision in article 26, § 3, that "the demand will not have effect for more than seven days preceding the date of its receipt by the president."  This article seems to apply to resident members

only, for there is a prior by-law, article 19, § 5, regulating demand for benefits by an absent member, which is inconsistent with article 26.

Early notice of sickness is required by the provision that the benefit shall not be paid beyond eight days prior to his notice, no matter how long he had been sick. The provision for notice "after seven days of sickness," being the time for which no benefit was payable, does not render ineffective a prior notice, if the sickness continues more than seven days. The purpose of the by-law is subserved, if the sick member gives notice after he is taken sick, and claims benefits, and at recovery or at the end of thirteen weeks, which is the extreme limit for payment of benefits, furnishes the required certificate of physician and priest, and claims the benefits then due. A form of claim is given in the by-laws, but if not followed literally, it is sufficient if the claim is substantially set out.

In this case the plaintiff was residing at St. Christophe, Canada. On December 28, 1897, he notified defendant in writing of his sickness, and on April 5, 1898, furnished it with the written certificate of his physician that he had been sick and unable to work from December 28, 1897, to April 5, 1898, which stated the sickness with which he was afflicted, and was countersigned by a priest. On the same day plaintiff in writing claimed benefits for thirteen weeks, amounting to fifty-two dollars. Article 26, § 9, of defendant's by-laws provides that "if the society refuses benefits demanded of it, for cause of suspension, or any other cause provided for by the by-laws, the sick member shall be notified by a visitor, if he is in the city, or by the corresponding secretary, if he is absent, in the week which follows the meeting, to what date and for what reason he is deprived of his benefits."

No notice was ever given plaintiff by the society or its secretary, as provided in the above by-law.

The notice of sickness and claim by plaintiff were not in strict accordance with the provisions of the by-laws, but they afforded the defendant all the information contemplated by them, and substantially complied with their requirements.

A few days before the suit was brought, the plaintiff's attorney called upon the defendant's president to obtain payment, and was told by him that defendant had decided not to pay, upon the ground that plaintiff had not been sick. No objection was made to the sufficiency of the notice and claim, nor to its amount. It does not appear to have been then questioned that the plaintiff was entitled to a benefit for thirteen weeks, at four dollars a week, if he had been sick fourteen weeks. The defendant and its president at that time had full knowledge of what had been done by plaintiff in regard to notice and claim. It is now admitted that the plaintiff's sickness continued fourteen weeks.

It is too late to raise technical objections to notice and claim. Such objections must be regarded as waived. They were evidently not relied on when the attorney had the interview with the president, and cannot now be set up to defeat a claim previously recognized as valid, if the sickness existed. *Patterson* v. *Triumph Ins. Co.*, 64 Maine, 504. So, also the failure of defendant to notify the plaintiff of the cause of refusal of payment and "to what date and for what reason he is deprived of his benefits," as required to be done by it, by its by-law, article 26, § 9, preclude the defendant from setting up this defense to a suit brought several months after the sickness, notice and claim.

The other ground of defense is untenable. Defendant corporation is in no sense a benevolent or charitable institution. Charity in its legal sense has its origin in gift and bounty. It has been well defined as "whatever is given for the love of God, or the love of your neighbor, in the catholic and universal sense; given from these motives and to these ends, free from the stain or taint of every consideration that is personal, private or selfish." *Ould* v. *Washington Hospital*, 95 U. S. 311. "It is the source whence the funds are derived, and not the purpose to which they are dedicated, which constitutes the use charitable." If derived from the gift of the Government or a private gift for improving a town, they are charitable. But where a fund is wholly derived from rates and assessments, being in no respect derived from bounty or charity, it is not charitable. *Attorney General* v. *Heelis*, 2 Sim. & Stu.

77; *Bolton* v. *Bolton*, 73 Maine, 303; *Bangor* v. *Masonic Lodge*, 73 Maine, 429; *Saltonstall* v. *Sanders*, 11 Allen, 456; *Coe* v. *Washington Mills*, 149 Mass. 547.

Here, for a definite amount paid by a member at regular recurring periods, the corporation undertook to pay its members, if sick and unable to work, a definite sum per week for a period not exceeding thirteen weeks in a year, excluding the first week of sickness. Whatever it may be called, the scheme and the contract is that of insurance. The relation of the corporation to its members is contractual, rather than charitable.

Nor is it a benevolent institution. No aid is furnished from generosity or liberality. None such is pretended. On the contrary, for a pecuniary consideration, it agrees to pay a definite sum in the cases specified. If it fails to perform its contracts with its members, they may be enforced in the courts by suit. *Dolan* v. *Court Good Samaritan*, 128 Mass. 437; *Coe* v. *Washington Mills*, supra. The exemption from suit provided in R. S., c. 55, § 5, does not apply to this corporation.

It is admitted that plaintiff was sick and unable to labor from December 28, 1897, to April 5, 1898. His benefits for that period, excluding the first week, amount to fifty-two dollars, to which he was entitled by contract of defendant, if he complied with the requirements of the by-laws as to notice and claim. As we have seen, his notice and claim were treated by defendant as sufficient, their refusal of payment being placed upon other grounds. By its acts and failure to act, it has waived all objections to a strict compliance, and is bound to pay plaintiff his benefits. Failing to do so, this suit may be maintained therefor.

According to the stipulation in the report, the non-suit is set aside. Judgment for plaintiff for fifty-two dollars and interest from date of writ.

*So ordered.*