SUPHREM LABRECQUE *vs.* THE CATHOLIC ORDER OF FORESTERS.

Kennebec.    Opinion June 2, 1920.

*Benefit certificate.    Non-payment of dues.    Suspension.    Reinstatement.*

Action by widow and beneficiary of John Labrecque deceased, upon a benefit certificate issued by the defendant corporation.    Verdict for the plaintiff.    Case brought forward on motion and exceptions.

The defendant contends that Labrecque at the time of his death was not in good standing in the order, having been suspended, and that therefore the certificate was not in force.

The corporation's by-laws provided for suspension of members "upon conviction" (violation of by-laws) or ipso facto for non-payment of monthly dues.

No sufficient evidence appears of suspension upon conviction.    All dues accruing prior to June, 1915 were paid.    Whether dues for June were paid was an issue of fact in the case.    This issue the jury found and were justified in finding in favor of the plaintiff.

The July dues were twice tendered and twice refused on the ground that Labrecque had been suspended for non-payment of June dues.    From July to November Labrecque paid the defendant nothing and in November he died.

*Held:*

That the burden of proving suspension is upon the defendant.    Held that the jury were justified in finding that notwithstanding his failure to make monthly payments from August to November Labrecque remained entitled to the rights of a member.    Failure to make payments for four months following the corporation's wrongful repudiation of his membership resulted in his suspension only if he thus intended to acquiesce in the status of a suspended member, or by his conduct led the defendant to believe that he so acquiesced.

*Held also:*

That the first requested instructions, having been comprehended in the charge, was properly refused.    The court is not required to repeat instructions once clearly given.

That the second requested instruction was also properly refused.    It in substance says that Labrecque lost his rights under his certificate through failure to apply for reinstatement.    But reinstatement which is conditioned upon the passing of a medical examination and satisfying other conditions is an inappropriate and inadequate remedy for a member who without suspension is denied the status and privileges of a member.

*Held:*

That while an aggrieved member must first exhaust his remedies under the rules of his order before applying to the courts for relief, this applies only where under the rules of the order a reasonably adequate remedy is provided.

An action of assumpsit on an insurance policy or certificate, entered and tried in the Superior Court for the County of Kennebec, at the term thereof beginning on the second Tuesday of November, 1918.

A verdict for $1062 was returned for plaintiff. The case was taken to the Law Court on motion to set aside the verdict, and also on exceptions by defendant to refusal of the presiding Justice to give certain requested instructions. Motion overruled. Exceptions overruled.

Case stated in the opinion.

*Fred W. Clair*, for plaintiff.

*Edward A. Lacroix*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J. The plaintiff is the widow of John Labrecque, deceased, and the beneficiary named in a benefit certificate dated June 26th, 1904 issued to him by the defendant corporation.

She has brought suit upon the certificate and obtained a verdict. The case comes to this court on the defendant's motion in the usual form and exceptions to rulings and refusals to rule of the presiding Justice.

MOTION.

By the certificate the defendant bound itself to pay to the beneficiary upon due proof of the death of the insured, the sum of one thousand dollars. But the certificate is made subject to the express condition that the insured at his death should be a member of the defendant order in good standing and should have "complied with all the laws, rules, regulations and provisions of the constitution and by-laws" of such order.

"The issuance of a certificate to a member is evidence of his good standing when it is issued, and such good standing will be presumed to continue unless there is proof that it no longer exists. In view of this presumption the burden of proving the loss of good standing rests

upon the Society." *High Court* v. *Zak,* (Ill.), 26 N. E., 593; Bacon on Benefit Societies Sec. 414. *Bange* v. *Supreme Council,* (Mo.), 161 S. W., 657.

The by-laws require payment of dues and assessments on the first day of each month. They further provide for suspension of members "upon conviction" or ipso facto for non-payment of dues or assessments.

It does not appear that Labrecque was ever formally suspended upon conviction. He was indeed informed by letter that he had been suspended, and one Créte, recording secretary deposes that he also was notified that Labrecque had been suspended.

But under the by-laws a formal suspension requires a conviction. A conviction pre-supposes a record. *High Court* v. *Zak,* (Ill.), 26 N. E., 594. No record is produced or proved, nor is its absence accounted for. The suspension referred to in the letter to Labrecque and in Créte's deposition may have been a suspension resulting ipso facto from alleged non-payment of dues. The evidence is equally consistent with either theory.

If formal action of the society were required to deprive the insured of his "good standing" we should say that such formal action had not been proved.

But according to the by-laws a suspension results ipso facto from non-payment of monthly dues, and the case shows that for four months prior to his death which occurred Nov. 29th, 1915 the insured had paid no dues. This default if no sufficient excuse is shown resulted in suspension. *Coombs* v. *Insurance Co.,* 65 Maine, 382; *Gifford* v. *The Me. Ben. Asso.,* 105 Maine, 17.

The plaintiff contends however that a sufficient excuse has been shown. She says that all dues up to and including June were paid; that the July dues were twice tendered and twice refused and that such refusal leading Labrecque to believe that further tenders would be likewise rejected, justified him in omitting to make payments after July.

The plaintiff's position is supported by reason and authority. If a member of a beneficiary society insured under a certificate like that in the pending case, and not shown to be suspended, tenders his monthly dues and the tender is refused on the ground of his alleged suspension, he does not necessarily forfeit his rights by omitting to pay further monthly dues. *Wagner* v. *Supreme Lodge,* 128 Mich., 660,

87 N. W., 905. *Supreme Lodge* v. *Davis*, 26 Colo., 252, 58 Pac., 595. *Sullivan* v. *Ind. Ben. Asso.*, 26 N. Y. S., 186. *Wuerfler* v. *Grand Grove,* (Wis.), 92 N. W., 433. *Ins. Co.* v. *Smith*, 44 Ohio St., 159, 5 N. E., 417.

Of course if he by ceasing to make payments intends to accept and acquiesce in the status of a suspended member or if his conduct is such as to lead the society or its officers to believe that he acquiesces in such status, his beneficiary cannot be heard to say that he remained a member in good standing until his death. *Bange* v. *Supreme Council,* (Mo.), 161 S. W., 652.

The jury were justified in finding and evidently did find as facts:—

That Labrecque had not been formally suspended "upon conviction" of failure to pay his June dues or of any other default;

That all dues were paid up to and including June 1915;

That the July dues were seasonably tendered and were refused, and that the insured in omitting payments between July and November did not actually acquiesce in, nor lead the society to believe that he acquiesced in the status of a suspended member.

The motion must be overruled.

EXCEPTIONS.

The first requested instruction that a suspended member "must exhaust all the remedies given him by the rules of the Society before appealing to courts of law for relief" was in different language comprehended in the charge. The court is not required to repeat instructions once clearly given. *Young* v. *Ins. Co.*, 80 Maine, 250.

The second requested instruction is "if the insured did not avail himself of every or any opportunity to become reinstated in the membership of the Society as provided by its rules, then he lost his rights under his policy."

The request was properly refused. Reinstatement was not the remedy that Labrecque asked and was not the remedy to which, if the plaintiff's testimony is to be relied upon, he was entitled. Reinstatement is the appropriate remedy for a member who has been suspended. But the plaintiff contends that her husband was not suspended. And it is true as she says that there is no competent evidence of suspension upon conviction and true that there is evidence tending to show that all dues were paid to and including June, so that he had not become ipso facto suspended.

Reinstatement which is conditioned upon proof of unimpaired health and other conditions is an inappropriate and inadequate remedy for a member who without suspension is denied the status and privileges of a member.

The third and last exception is to the instruction which in substance was that if the suspension were irregular it was void and "did not affect the rights of the plaintiff in this case."

The defendant relies upon several cases cited in its brief including *Jeane* v. *Grand Lodge,* 86 Maine, 434 wherein the court says: "If the courts of law should undertake to review the regularity of the proceedings in all sorts of secret or private societies or associations the burden would become onerous."

It is indeed an established principle that courts will not review the regularity of proceedings of societies in determining the standing of members unless the aggrieved member has first exhausted his remedy under the rules of the order,—but this necessarily applies only "when a member of such society has a remedy under the rules." *Jeane* v. *Grand Lodge,* 86 Maine, 436.

The same is either directly or inferentially held by many authorities including the following:

*Karcher* v. *Sup. Lodge,* 137 Mass., 368; *Chamberlain* v. *Lincoln,* 129 Mass., 70; *High Court* v. *Zak,* (Ill.), 26 N. E., 593.

In the pending case however, while the by-laws exhibited to this court make abundant provision for reinstating suspended members, no remedy appears for one who without suspension finds his membership repudiated and his privileges denied.

It is generally true that when the constitution or by-laws provide a remedy for a member's grievance, that remedy must be invoked and exhausted before resort is had to legal process, but when as in this case so far as appears, the society offers no appropriate remedy, the courts are open to the aggrieved member or his beneficiary.

> *Motion overruled.*
> *Exceptions overruled.*
> *Judgment on the verdict.*