# Anacosta Tribe, No. 12, Improved Order of Red Men, *vs.* Andrew Murbach.

Where a member of an incorporated private beneficial association has a claim against the association for *benefits* under their by-laws, which was disputed and decided against him, by the decision of the proper tribunal acting under the general laws and by-laws of the order, a court of law has *no jurisdiction* over an action to recover such benefits.

Appeal from the Court of Common Pleas.

*Assumpsit,* brought by the appellee against the appellant, a society incorporated under the act of 1852, ch. 231, to recover weekly benefits claimed by the plaintiff to be due him, under certain by-laws of the society of which he was a member, and which the society refused to pay. Plea, *non-assumpsit.*

*Exception.* The facts of the case are sufficiently stated in the opinion of this court. The defendant asked two instructions:

1st. That the plaintiff is not entitled to recover, from the want of jurisdiction over the matter in controversy, the same having been previously decided by a competent tribunal, acting according to the provisions of the charter of incorporation, its by-laws and usages, and the decision so made and confirmed by the Great Council of Maryland of the Improved Order of Red Men, is conclusive upon all the parties.

2nd. That the plaintiff having been regularly expelled from the said Anacosta Tribe, is not entitled to maintain this action while said expulsion is in force.

The court (MARSHALL, J.,) refused these prayers, and to this ruling the defendant excepted, and the verdict and judgment being in favor of the plaintiff, appealed.

It was agreed in this court, that all objections to the form of the above prayers, and the proper admission of the testimony, should be waived, and that the only questions intended to be raised and decided by this court, are, whether under the circumstances detailed in the record, the defendant below is liable, and whether the court of Common Pleas had jurisdiction.

, The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Joseph C. Boyd* and *Charles H. Pitts* for the appellant, argued:

1st. That the court below had no jurisdiction, because the matter in controversy had been heard and determined by a competent tribunal, to whose jurisdiction the parties had voluntarily submitted themselves. 2 *Whart.*, 309, *Black & Whitesmith Society vs. Vandyke.* 39 *Maine,* 35, *Came vs. Brigham.*

2nd. That the plaintiff, having been expelled from the Tribe, had no right to maintain the action if his expulsion was right; and if his expulsion was wrong he had no right to maintain the action, until, by *mandamus,* he had procured his restoration to membership. 2 *Whart.,* 309.

*Edward E. McLane* for the appellee, argued:

1st. That our courts have full and ample power to revise the proceedings of the appellant, or any corporate body created by law, in relation to an alleged improper expulsion of a member. 2 *Binney,* 448, *Commonwealth vs. St. Patrick's Beneficial Society.*

2nd. That the act of incorporation does not prohibit the members of the corporate body, from pursuing legal means to obtain redress for alleged injuries, nor divest a member of his legal rights. Act of 1852, ch. 231, sec. 1. *Angel & Ames*

Anacosta Tribe of Red Men *vs.* Murbach.

*on Corp.*, 280, *(Ed. of* 1843.) *Bill of Rights, Art.* 17, 18. 2 *Burr.*, 778, *Ballard vs. Bennet.*

3rd. That an action will lie against a corporation for an implied promise, raised by virtue of its by-laws and benefits conferred upon it. 2 *Rob. Prac.*, 397. 7 *Cranch.*, 305, 306, *Bank of Columbia vs. Patterson.*

4th. That an action on the case will lie for damages equally where there is a ground for a *mandamus*, and that the party injured can adopt either mode of redress. 9 *Clark & Finnelly*, 319, *Ferguson vs. Earl of Kinnoull.*

5th. That a *mandamus* is usually granted only where there is no other specific remedy. *Douglass*, 524, *King vs. Bank of England.*

Tuck, J., delivered the opinion of this court.

This record shows that the appellant was incorporated under the act of 1852, ch. 231, and is subject to the jurisdiction of the Grand Council of Improved Order of Red Men; that the appellee became a member of the Tribe in October 1849, and so continued until July 1854, having paid his dues, when he was reported as sick and claimed benefits under a by-law, which the Tribe refused to allow; and that he was sick during the time for which he claimed the benefits. This was in substance the case made by the plaintiff below, on which state of facts he sought to recover his weekly allowance during his sickness.

The defendant below read in evidence portions of the general laws, for the government of the Tribe under the jurisdiction of the Grand Council. The first section of the 19th article provides, that members may receive benefits according to the by-laws, but should the sickness of the applicant be "supposed to have originated from immoral conduct or usages unbecoming an Improved Red Man, it shall be withheld until decided by the Tribe." Article 22nd provides for suspension or expulsion, as the Tribe may determine, in the cases specified, and also imposes finds in certain cases. The other regulations offered in evidence, relate to the course of proceedings for the trial of members, and authorize an appeal to the Grand

Anacosta Tribe of Red Men *vs.* Murbach.

Council, "whose decision shall be final." The defendant also proved, that proceedings were had upon certain charges made against the plaintiff, which resulted in his expulsion, and, on appeal to the Grand Council, the sentence was affirmed. The verdict and judgment were for the plaintiff, the court having refused the defendant's prayers, to the effect that the plaintiff was concluded by the action of the Tribe and Grand Council.

The counsel having waived all objection to the frame of the prayers, and to the admissibility of the evidence, the only point before us relates to the jurisdiction of the court of Common Pleas, where the cause was tried.

Apart from the common law right of private corporations to manage their own affairs, and to control their members by by-laws, the power is expressly given by the act of 1852, ch. 231, "subject however to the Constitution and laws of the United States and of the State, and to the instrument on which the corporation may be established." *Angell & Ames on Corp.*, 323, 360. *Grant on Corp.*, 77, (80 *Law Lib.*) We do not perceive that the regulations offered in evidence are repugnant to the proviso in the act, and, as the appellee, by becoming a member assented to be governed by the Tribe and Council, according to the regulations, it follows that he was bound by their application and construction in his own case. It is provided, that the Tribe shall determine matters of this kind, and the decision, on appeal, made final. These are private beneficial institutions operating on the members only, who for reasons of policy and convenience, affecting their welfare and perhaps their existence, adopt laws for their government, to be administered by themselves, to which every person who joins them assents. They require the surrender of no right that a man may not waive, and are obligatory on him, only so long as he chooses to recognize their authority. In the present instance, the party appears to have been subjected to the general laws and by-laws according to the usual course, and if the tribunal of his own choice has decided against him he ought not to complain. It would very much impair the usefulness of such institutions, if they are to be harrassed by petty suits of this

kind, and this, probably, was a controlling consideration in determining the manner of assessing benefits, and passing upon the conduct of members. The very point arose in *Vandyke's Case*, 2 *Whart.*, 309, where (Gibson Ch. J., delivering the opinion of the court,) it was held, that an action did not lie to recover the benefits, upon grounds that we deem altogether satisfactory.

This being merely a suit for the benefits, we confine ourselves to the point made by the first prayer. If the Tribe had awarded the benefits, and the proper officer had refused payment, the claim would have depended on other principles. We are of opinion, that the appellee was concluded by the decision of the Tribe and Grand Council, and that there was no jurisdiction in the court to render judgment contrary to their finding, upon the application of a member for the benefits of the association, and, accordingly, reverse the judgment without a *procedendo.*

*Judgment reversed.*

Decided February 24th, 1859.)