492 SUPREME COURT OF IOWA,

Woolsey v. The Ind. Order of Odd Fellows, Lodge No. 23, Bloomington, Iowa.

WOOLSEY v. THE INDEPENDENT ORDER OF ODD FELLOWS, LODGE No. 23, BLOOMFIELD, IOWA.

1. **Former Adjudication:** BY GRAND LODGE OF ODD FELLOWS. Where the plaintiff, a member of the defendant lodge, claimed certain benefits on account of alleged disability, but the same were denied by the lodge, and he appealed to the grand master, under the rules of the order, who reversed the decision of the lodge, but the lodge appealed, under the rules, to the grand lodge; and meanwhile the defendant lodge had expelled the plaintiff for fraud and deceit practiced in his efforts to secure the benefits in question, and this action of the defendant lodge was also carried by appeal to the grand lodge, and the grand lodge considered the last appeal first, and found plaintiff guilty of fraud and deceit as alleged, and sustained the action of the defendant lodge in expelling him therefor, and afterwards the grand lodge further refused to consider the first appeal, because the merits of the cases were involved in and determined by the decision of the second appeal; *held* that these facts constituted an adjudication of the question involed in the first appeal, to the effect that plaintiff was not entitled to the benefits claimed, and that, upon a showing of these facts, the district court properly dismissed this action, brought to recover the amount of such benefits from the defendant lodge.

*Appeal from Davis District Court.*

THURSDAY, SEPTEMBER 20.

ACTION to recover certain sums of money alleged to be due plaintiff from defendant, on account of benefits to which he claims to be entitled, according to the constitution and by-laws of defendant, by reason of sickness and disability occurring while he was a member of the defendant lodge. A demurrer to defendant's answer was overruled, and, plaintiff standing thereon, judgment was rendered for defendant, from which plaintiff appeals.

*Trimble, Carruthers & Trimble,* for appellant.

*Payne & Eichelberger,* for appellee.

BECK, J.—I. The answer of defendant, in the first and second counts, denies all allegations of the petition, and alleges

that plaintiff was, for a time, a member of defendant lodge, and was for a short time sick, but all benefits to which he was entitled were fully paid. The third count of the answer alleges that plaintiff made application to the lodge for benefits, which, upon lawful consideration and upon proper proceedings, were refused, upon the ground that he was not entitled thereto under the laws and rules of the order, not having been sick and disabled from following the pursuits of his ordinary vocation. It is shown that plaintiff appealed from the decision of the lodge, as he was authorized to do by the laws of the order, and the decision was, upon consideration of the grand master, reversed. But, under the constitution and by-laws of the order, the decision of the grand master was subject to review by the grand lodge.

Subsequent to the action of the defendant in refusing to allow the benefits claimed by plaintiff, charges were brought against him "of attempting to deceive and defraud the lodge by falsely claiming to be entitle to benefits, by feigning extreme helplessness, when in fact he was able to use his limbs."

Upon this charge plaintiff was tried, found guilty, and expelled from the lodge. This case he also appealed to the grand lodge, and it was tried in that body. It appears that appeals taken within a certain time immediately preceding the meetings of the grand lodge are not submitted to the grand master. The appeal in the last case came for hearing in the first instance before the grand lodge under this rule. The action of the defendant in expelling plaintiff was, upon that appeal, approved and affirmed. The appeal in the first case, involving plaintiff's right to benefits was pending at the same time, but was not determined until after the decision of the other case. It was referred to a committee of the grand lodge, the case being before that body for the purpose of reviewing the grand master's decision, who reported that the action of that body in the other case rendered it unnecessary to take further action in this case. The report was adopted by the grand lodge.

Upon these allegations defendant insists that plaintiff, having submitted his claim to the decision of the defendant lodge, and having appealed therefrom to the grand lodge, whose adjudication in effect was against plaintiff, is now estopped to prosecute his claim in the courts.

To the defense pleaded in the third count plaintiff demurred, on the ground substantially that no adjudication of the claim sued on is shown, and that nothing more is shown than a formal demand of payment and refusal to pay plaintiff's claim. We understand that the demurrer refers to the action of defendant upon the claim, and the proceedings had upon appeal to the grand lodge, as shown by the allegations of the third count of the answer.

II. As we understand counsel for plaintiff, they take two positions in their argument; namely, 1st. That an expulsion from the lodge did not deprive the plaintiff of the right to benefits acquired before his expulsion; 2d. That the answer fails to show that the decision of the grand master reversing the action of the defendant was itself reversed by the grand lodge. Counsel do not question the validity of the action of defendant in expelling plaintiff. As we understand the record, the charge upon which plaintiff was expelled relates to the very claim involved in this case, which is alleged to have been fraudulently made, the plaintiff feigning helplessness in order to obtain the benefits. The answer assailed by the demurrer shows that plaintiff was lawfully expelled from the order for deceit and fraud, by falsely urging his helpless condition in order to recover the very claim involved in this action.

We need not determine whether plaintiff could recover benefits to which he was lawfully entitled before his expulsion, after the act of the lodge expelling him. It cannot be contended that after his expulsion he could recover benefits which he had falsely and fraudulently claimed, as specified in the charge against him. If he was guilty of the charge, he has no right to the benefits. The defendant lodge found

him guilty, and their decision was affirmed in the grand lodge. Thus, the very thing that would defeat him in prosecuting his claim for the benefits, namely, that his claim was false, and fraudulently made, was established by the adjudication of the defendant lodge and the grand lodge. It would be an outrage upon justice to hold that plaintiff is entitled to recover benefits, when he has been lawfully expelled from the lodge for his fraudulent act in urging his claim therefor while he was not justly and lawfully entitled to recover them. There should be no such inconsistency in the administration of the law. This appears to have been the precise view taken by the grand lodge. After determining that plaintiff was lawfully expelled on the charge of his false and fraudulent claim made for the benefits, that body, as we understand its action, which is set out in defendant's answer, decided that plaintiff was not entitled to the benefits he claims. The committee of the grand lodge reported to that body that the decision reached in the appeal involving the proceedings resulting in plaintiff's expulsion, rendered it unnecessary to take any action in the case involving his claim for benefits. This report was adopted by the grand lodge. It is evident that the grand lodge understood that plaintiff's rights to the benefits were settled adversely to his claim, by the decision holding that he was lawfully expelled. Its decision must be so understood. Any other conclusion would put an absurd construction upon their action which would work most inequitable results.

It is our opinion that the decision of the district court ought to be

AFFIRMED.