LAZENSKY *v.* SUPREME LODGE KNIGHTS OF HONOR.

*(Circuit Court, S. D. New York. July 25, 1887.)*

1. MUTUAL BENEFIT INSURANCE — ACTION ON CERTIFICATE — EVIDENCE OF STANDING.

In an action by the beneficiary upon a certificate issued to a member of a benevolent society, a condition of which was that the member should be in good standing at the time of his death, *held*, that proof of a recognition of such membership by the defendant up to within a short time of the death of the member, in connection with the presumption that all persons follow such laws, rules, and regulations as they are under, was sufficient evidence of the good standing of the member to maintain the action.

2. SAME—NON-PAYMENT OF ASSESSMENT—EVIDENCE.

The laws of the society provided that members should pay their assessments within 30 days after notice, and the society's record showed a suspension before the expiration of that time. There being no other evidence, *held*, that such suspension afforded no proof of the non-payment of an assessment, nor of any default of the member.

3. SAME—APPLICATION FOR REINSTATEMENT.

There being no evidence of the non-payment of an assessment, the member could not be held to be in default by reason of having made no application for reinstatement, under rules wholly applicable to suspension for the non-payment of dues, fines, or assessments.

**4.** SAME—EVIDENCE OF SUSPENSION.

In an action by the beneficiary upon a certificate issued to a member of a benevolent society, an application for reinstatement, made by the member, is not competent evidence to prove the fact of his suspension.

**5.** SAME—DECLARATIONS OF MEMBER.

Nor is a statement made by the member that he was suspended for the non-payment of an assessment competent evidence to prove that fact.

**6.** SAME—RECORDS.

In such an action, the mere record of a sentence of suspension of the member, without any proceedings whatever to found it upon, and not according to the laws of the order, is not conclusive as to membership and standing.

**7.** SAME—PROOF OF DEATH—WAIVER.

Where evidence of the death of a member had not been duly furnished a benevolent society, a refusal to pay on other grounds is a waiver of this requirement.

At Law. Action to recover amount due under certificate of insurance upon the life of Joseph Lazensky.

On motion for new trial.

*Charles Steckler,* for plaintiff.

*Morris Goodhart,* for defendant.

WHEELER, J. This suit is brought upon a benefit certificate issued by the defendant to Joseph Lazensky, a member of Manhattan Lodge No. 1,165, a subordinate lodge, wherein it is recited that the certificate was issued upon evidence received from the subordinate lodge that he had received the degree of manhood, and was a contributor to the widows' and orphans' benefit fund of that order; and that, upon condition, among other things not material, that he should comply with the laws, rules, and regulations then governing that order, or that might thereafter be enacted for its government, and be in good standing at the time of his death, the defendant agreed to pay to his wife, the plaintiff, $2,000 out of the widows' and orphans' fund, in accordance with and under the laws governing that order, upon satisfactory evidence of his death. The certificate was dated December 18, 1881. The plaintiff alleged that he was a member in good standing up to the time of his death; that he died January 20, 1886; that she demanded the sum of $2,000, and that the defendant refused to pay it. The defendant admitted the membership and issuing of the certificate; denied that it had any knowledge or information sufficient to form a belief that he was a member in good standing at the time of his death; and alleged that the defendant had laws, rules, and regulations providing for assessments and notices on death of members, and that each member should pay the amount within 30 days from the date of each notice, failing which he should stand suspended, and not be entitled to the benefits of the widows' and orphans' benefit fund until reinstated; that an assessment known as No. 155 was made, and became due and payable prior to June 1, 1885, of which he had due and timely notice, and which he failed to pay within the time required; and that in consequence of the failure to pay that assessment he was, in the month of June, 1885, and during his life-time, duly, properly, and lawfully suspended from the lodge;

that he took no appeal from the suspension, and was not reinstated, but remained suspended. On the trial the plaintiff offered the receipt for assessment No. 155 in evidence, which was received, and rested her case. The defendant's counsel stated that, by a clerical error, the answer was made to read No. 155, instead of 159, and asked leave to amend, which was granted, in case the evidence should require it. The defendant then showed an assessment, May 19, 1885, numbered 159, and that notice of it was sent to him on the next day; the record of the lodge, in which was entered that on June 1, 1885, he was declared suspended; that on July 6th he was notified to go under examination of the physicians for reinstatement, and on July 20th was rejected by the medical examiner; and that he signed an application for reinstatement, and presented himself for examination under that application. The defendant called the recording secretary of the lodge, called the reporter, who had the record of the financial reporter, and offered to show by that the non-payment by Lazensky of assessments, including No. 159. This was objected to on the ground that the financial reporter was living and should be called, and the question was withdrawn.

Each side claimed that a verdict should be directed; and one was directed for the plaintiff. The defendant moves for a new trial on the ground that the plaintiff did not show that Lazensky was in good standing at the time of his death; that the defendant had shown by the record that he was suspended; and, by his application for reinstatement, that he was out of the order, and not in good standing, at the time of his death.

It is somewhat doubtful whether, on the pleadings, the plaintiff was bound to prove that Lazensky was in good standing at the time of his death. The defendant did not deny her allegation that he was, but denied knowledge or information sufficient to form a belief that he was. The course of the order would seem to require that the defendant should have such information at all times within its reach; and the affirmative defense set up assumes such knowledge as to this member. This general denial might be considered to be so evasive as not to amount to anything more than no denial, and to be insufficient to put the plaintiff on proof of her allegation in that respect; as what is not denied under this system of procedure is deemed to be true. Code Proc. N. Y. § 522. But, if required to make proof, only general proof on that subject would be required. The certificate itself furnishes evidence that he was in good standing when that was issued, and the payment of assessment No. 155 would tend to show that he was recognized as a regular member then. The argument has proceeded somewhat as if the certificate was upon condition that he should continue to pay to that fund, but that is not among the conditions. It recites that it is issued upon evidence that he is a contributor to that fund, and makes no further direct reference to it. The fact of payment is not, therefore, material to the plaintiff's case, except as it may be involved in good standing. Proof of recognition for such length of time, in connection with the presumption that all persons follow such laws, rules, and regulations as they are under till the con-

trary is made to appear, would seem to be sufficient to maintain this issue at the outset. *Knights of Honor* v. *Johnson*, 78 Ind. 110. The defendant must be required, therefore, to stand upon its affirmative defense. This defense must stand or fall upon the allegations of the answer, which are, in substance, that Lazensky failed to comply with the requirements set out in respect to assessment No. 155 or 159, according as the proof is applicable.

There is no proof as to when payment of No. 155 was required, and is proof that it was paid. There is nothing, therefore, to connect the suspension with any default as to that, and it is not claimed that there is. The notice of assessment No. 159 was not given until May 20th. The requirement set up and shown is that it should be paid within 30 days after. The record evidence of suspension is of one on June 1st, 18 days before the expiration of the time of payment. There was no default as to that assessment with which the suspension recorded could be connected. It is said in argument that on failure to pay within the required time he was to stand suspended, and that no further act of suspension would be necessary to put him out of good standing. This may or may not be true. But, whether true or not, it is to be remembered that the evidence offered to prove the fact of non-payment of any assessment was, on objection to its competency, withdrawn. Therefore there is no proof of any non-payment to work such a suspension.

It is, however, urged that his application for reinstatement was an admission of suspension, making such an application necessary to bring him into good standing again. This would seem to be such an admission on his part, and raises the question whether such an admission by him is admissible to prove a fact against the plaintiff in this suit. He is no party here; neither is any personal representative of him. She sues in her own right, on a cause of action that accrued, if at all, to her, and her only. She has acquired the right in consequence of what he did in becoming a member of that lodge, but not through or from him, for he never had it. Neither was that act of his a part of any transaction by which her right is sought to be established that might defeat it, or which would of itself prevent it. The act was a mere admission of a past fact, as if he had said merely that he had been suspended, and was not in regular standing. Such an admission would doubtless be evidence against him or his personal representative, or a person claiming a right derived from him; but not against a person claiming only the benefit of his prior acts. 1 Greenl. Ev. § 171; *Dodge* v. *Freedman's Co.*, 93 U. S. 379.

It is further said in argument that if he was wrongfully suspended he should have applied for reinstatement under the rules; and section 3 of article 7 of the laws of the order is referred to in this connection. That section refers, however, wholly to suspensions for non-payment of dues, fines, or assessments, and there is no evidence of any suspension for such cause. The defendant offered to show a statement made to a witness by Lazensky that he was suspended for non-payment of assessment No. 159; but that was excluded for the reason that it would be merely his naked

statement of a past fact, which, for reasons already stated, could not affect the plaintiff. If admissible and admitted, it could not show that the suspension recorded as made June 1, 1885, was for that cause which had not then taken place, but would only show some suspension of which there was no other evidence. The defense is thus left to stand entirely upon the record of suspension of June 1st. *Karcher* v. *Supreme Lodge Knights of Honor*, 137 Mass. 368, is much relied upon, with some other cases, in support of that as a sufficient defense, *Anacosta Tribe* v. *Murbach*, 13 Md. 91; *Osceola Tribe* v. *Schmidt*, 57 Md. 98; *Burt* v. *Grand Lodge*, 44 Mich. 208; *Woolsey* v. *Odd Fellows*, 61 Iowa, 492, 16 N. W. Rep. 576; *Harrington* v. *Workingmen's Ass'n*, 70 Ga. 340.

These cases show clearly that the decisions of such associations, according to their own laws, rules, and regulations, which all assent to who become members, are conclusive as to membership and standing, except as they are reviewable within the order under the laws of the order. But none of the cases go so far as to hold that a mere record of a sentence of suspension, without any proceedings whatever to found it upon and not according to the laws of the order, is conclusive anywhere. Section 2 of article 12 of the laws of this order requires that charges preferred against a member shall be read in open lodge, and a copy of them be furnished to him under the seal of the lodge, and that he be cited to appear to answer them.

In *Karcher* v. *Supreme Lodge*, 137 Mass. 368, the charge was of nonpayment of an assessment, and the copy furnished was not under the seal of the lodge. The validity of the judgment of suspension was questioned on the ground that the copy was not sufficient, but it was held that such irregularity would not invalidate the judgment, but not intimated that it would be good without any notice. This suspension is not set up in the answer, and would not appear to be sufficient to show that Lazensky was not in good standing if it was.

The point is made that evidence of the death is not shown to have been duly furnished, but refusal of payment on other grounds would be a waiver of that requirement.

It does not appear that there was any error in the trial of the case as presented for which a new trial should be granted.

Motion denied, and stay vacated.