ALICE B. CANFIELD v. THE GREAT CAMP OF THE KNIGHTS OF THE MACCABEES FOR THE STATE OF MICHIGAN.

*Mutual benefit associations—Rejection of claim—Bar to action at law.*

A provision in the laws of a mutual benefit association that the decision of a tribunal created by the constitution to pass upon death claims shall be final, and bar any suit at law or in equity therefor, is sustained, as within the ruling in *Van Poucke v. Society*, 63 Mich. 378.

Error to Macomb. (Canfield, J.) Argued June 18 and 19, 1891. Decided October 9, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Eldredge & Spier*, for appellant.

*Markey & Hall*, for defendant.

GRANT, J. This case was tried by the court, and the finding contains the following material facts:

Defendant is a mutual benefit association incorporated

under Act No. 89, Laws of 1883 (3 How. Stat. chap. 163), for the improvement morally, socially, and intellectually of its members, and for the purpose of establishing a benefit fund, from which shall be paid a certain sum to the member, or his widow, or certain other relatives, as he may direct, and as the endowment laws of the order provide. Its constitution provides for a Great Camp, composed of certain officers and one representative from each of the subordinate tents in the State. This Great Camp meets annually, and its members are selected annually. Three of the principal officers constitute the executive committee. Article 18, § 2, of its laws reads as follows:

"The executive committee shall have power to pass on all death claims, and, if in their judgment any such claim is not on its face a valid one, they shall notify the beneficiary or beneficiaries of the deceased members thereof, and give them or their attorneys an opportunity to appear before such committee within sixty days thereafter, and present such evidence as they may have to establish the justness or validity of such claim, and the said committee shall try, hear, and decide upon the justness or validity of such claim, and such decision shall be binding upon such claimant, unless an appeal is taken to the Great Camp. The notice of the appeal from the decision of the said committee must be filed with the Great Record Keeper within sixty days thereafter. The decision of the Great Camp, in all such cases, shall be final, and no suit in law or equity shall be commenced or maintained by any member or beneficiary."

Plaintiff's husband, now deceased, became a member of the defendant, and received what is termed a "half endowment certificate," which entitled him to receive one assessment on the membership, not exceeding $1,000, as a benefit to his wife, upon satisfactory proof of his death, and the surrender of the certificate, provided he shall have, in every particular, complied with all the rules and regulations of the order. Upon his death plaintiff pre-

sented her claim to the committee, which decided against it on the ground that at the time of his death he was not a member in good standing, but had been duly and regularly suspended therefrom, in accordance with the rules and regulations thereof. She then appealed to the Great Camp, which also disallowed the claim, after a full examination and hearing. She then brought this suit, and judgment was rendered therein against her.

It is claimed on behalf of plaintiff that the provision above quoted, which makes the decision of the Great Camp final, is contrary to public policy, and void, in that it ousts the court of jurisdiction. No charge is made that either the committee or the Great Camp acted fraudulently, or in any manner contrary to the rules and regulations of the order.

I am unable to see any difference between the present case and that of *Van Poucke v. Society*, 63 Mich. 378. These organizations are purely voluntary, and it may well be considered by their members important that claims of this character should be determined by methods more inexpensive than resorts to the courts. This reason is well expressed by my Brother CHAMPLIN in the case above cited.

Plaintiff seeks to maintain a distinction between that case and the present one, in that the plaintiff there was himself a member claiming for "sick benefits," while the plaintiff here is not a member, and had no voice in the selection of members of the tribunal. Her right depends solely upon the voluntary act of her husband in becoming a member. Her right to receive the benefit depended upon his complying with the constitution and rules, to which he assented and which became a part of his contract. I can see no reason why a different rule should apply to plaintiff than to a member making a claim for benefits. Similar provisions have been sustained by the

courts. *Anacosta Tribe of Red Men v. Murbach,* 13 Md. 91; *Toram v. Association,* 4 Penn. St. 519; *Society v. Vandyke,* 2 Whart. 309; *Woolsey v. Independent Order of Odd Fellows,* 61 Iowa, 492 (16 N. W. Rep. 576); *Rood v. Association,* 31 Fed. Rep. 62.

Judgment affirmed.

CHAMPLIN, C. J., MORSE and MCGRATH, JJ., concurred. LONG, J., did not sit.