## DILLINGHAM *v.* NEW YORK COTTON EXCHANGE.

*(Circuit Court, S. D. New York.* February 6, 1892.)

1. BENEFIT ASSOCIATIONS—MEMBERSHIP—TRANSFER OF CERTIFICATE.
    The charter and by-laws of the New York Cotton Exchange provide that death benefits arising from assessments shall not extend to a person who had ceased to be a member, and that deaths in the membership are to be reported by the trustees to the managers who levy the assessments. *Held* that, the liability to levy an assessment appearing to be absolute, the investigation of the trustees is not conclusive as to whether decedent was a member or not.

2. SAME.
    Hypothecation of a membership in the New York Cotton Exchange for a debt, with power of attorney to transfer the same, which is not exercised, but the debt is continued on the creditor's books, is not such a sale of the membership as will relieve the exchange from liability to make an assessment on the member's death.

3. SAME—EVIDENCE.
    In an action on such membership certificate, statements made by the creditor holding the certificate are admissible for the purpose of showing the nature of his claim thereto, but are not conclusive as to decedent's title to the membership.

At Law.  Action by Nathaniel Dillingham against the New York Cotton Exchange on a membership certificate.  Judgment for plaintiff.

*G. A. Clement,* for plaintiff.

*J. McL. Nash* and *Stephen P. Nash,* for defendant.

WHEELER, District Judge.  This suit is brought upon the membership of Horace E. Dillingham in the defendant corporation, and has been heard on waiver in writing of a jury.  He became a member, and stood upon the books as such, but had an account with Crosby & Co., and in January, 1886, delivered his certificate of membership, with a power of attorney for transferring it to them, for security, and they, after that, paid the dues on it, and charged them to him.  On October 1, 1886, their balance against him was $3,389.25.  The membership was worth $1,400.  They credited his account, by profit and loss, $1,989.25, and carried forward the balance, $1,400, against him.  The charter and by-laws provided that the benefits in question here should not extend to a person who had ceased to be a member, "by expulsion or by a voluntary or forced sale of his membership."  The defendant claims that by this transaction of October 1, 1886, he ceased to be a member by sale of his membership.  The evidence does not show any express agreement between him and Crosby & Co. that they should then or ever have the membership for $1,400, or for what it was worth; he was not credited with that amount for the membership; but that part of his account which the membership would not be good security for was carried to profit and loss, and that part for which it would be good security was continued against him; the charging of dues paid to him was continued; he continued to enjoy the privileges of a living member, and stood upon the books as such to the time of his death.  The trustees of the gratuity fund are to report deaths of members to the board of managers, who are by resolution to levy assessments for the next of kin, which the plaintiff is.  The trustees, after investigation, reported that

the deceased was not a member, and the board thereupon decided not to levy any assessment. The defendant claims that this investigation and decision were within the discretionary and *quasi* judicial powers of the trustees and board, and that their decision thereupon was conclusive. But the obligation to levy the assessment appears to be absolute upon the death of those who are in fact members, and not to be qualified to those who may be found by the trustees or board to be members; and the investigation appears to have been for the information of those acting for the defendant, and not for determining between the plaintiff and defendant the ultimate question of the defendant's liability, and therefore not at all conclusive. What Crosby & Co. said and wrote about the manner of their holding the certificate and power of attorney, while they had them, is offered in evidence, and objected to. It seems to be admissible for the purpose of showing what their claim to them was, but not conclusive as to that, and less so as to the right of 'the plaintiff. *Lazensky* v. *Supreme Lodge*, 24 Blatchf. 533, 31 Fed. Rep. 592. When considered, however, this evidence does not vary the facts stated. The continuation of the debt for which security has been given is always important upon any question whether the property in the security had been passed to the creditor absolutely. This debt remained; therefore the membership had not become the property of Crosby & Co., and paid it. The power of attorney had not been exercised. It would have been revocable on redemption of the certificate, and the membership would have remained as before. On the whole, that the membership had not been sold satisfactorily appears, and is found; that Dillingham was a member at his death follows, and is also found. The other facts entitling the plaintiff to recover are admitted by the pleadings or agreed to. The plaintiff recovers for the failure to perform the duty of levying an assessment upon the other members for him as next of kin to the deceased member. *Hankinson* v. *Page*, 31 Fed. Rep. 184. If the assessment had been made, payment of the sum that should "actually be collected and received," without liability for interest upon it, would have been, by the express terms of the charter, all that the defendant could be holden for. That sum, without interest, is what the plaintiff lost by the failure to assess, and is the measure of damages here. It is stipulated to be $4,000. Judgment for plaintiff for $4,000 damages.