MARY FINNERTY, Appellant, v. SUPREME COUNSEL CATHOLIC KNIGHTS OF AMERICA.

Action of Mutual Benefit Association: REVIEW BY COURTS: *Exhausting remedies in the association.* Where the constitution of a mutual benefit association provided that any member who considered that an injustice had been done him by any action of the order might appeal to the supreme council, the action of the order in suspending a member will not be reviewed by the courts when no such appeal was taken.

RIGHTS OF BENEFICIARY NOT A MEMBER. The beneficary in a certificate in such association is not exempted from the operation of the rule by reason of the fact that, not being a member, she

2  had no right to resort to the tribunal of the association, since she had no vested interest in the certificate until the death of the holder, when she took only what he left.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

MONDAY, JANUARY 27, 1902.

ACTION at law to recover upon a certificate of life insurance. From a judgment on a verdict in defendant's favor, plaintiff appeals.—*Affirmed.*

*James H. Anderson* for appellant.

*B. A. Dolan* and *J. C. Davis* for appellee.

WATERMAN, J.—Defendant is a fraternal association which depends upon assessments imposed on certificate holders for funds with which to pay losses. Plaintiff's husband, John Finnerty, held a certificate payable to her. John Finnerty disappeared from his home in Keokuk on the seventh day of September, 1889, and has never since been heard from. On April 6, 1892, plaintiff began this action, relying upon the legal presumption of her husband's death. She alleges that all assessments have been paid, and asks to recover the sum of $2,000, the amount of said certificate. Defendant denies that Finnerty is dead; denies that he died before November 14, 1889; and avers that he neglected and refused to pay a certain assessment made and due before November 14, 1889, and that because thereof he was suspended from membership on the last mentioned date. Furthermore it is alleged in the answer that Finnerty had forfeited all rights under his certificate by virtue of section 3, article 9, of the constitution of subordinate branches, which provided that any member who was in arrears for dues three months or more would not be entitled to any benefits from

his membership. There are some other averments of the answer, but they are not material to the questions presented on this appeal.

II. The trial court instructed the jury that Finnerty was suspended from membership on the fourteenth day of November, 1889, and, unless they found that his death occurred prior to that date, plaintiff was not entitled to recover. The undisputed evidence shows that the local branch on the date mentioned took action suspending Finnerty for non-payment of assessments. It is said on rehearing, on behalf of plaintiff, that the time fixed by the constitution of defendant society and allowed after a default in payment of assessments, before a suspension could be made, had not elapsed on November 14, 1889. This is certainly not correct as to assessment No. 293, whatever may be said as to the next later one. Furthermore, no such point as this was made on the original submission of the case. But it is urged the suspension was invalid because Finnerty had no notice of any such proceeding. The provisions of defendant's constitution relating to suspension of members were substantially the same as those passed upon in *Supreme Conclave v. Warwick,* 110 Ga. 388 (35 S. E. Rep. 645) ; and, following that case, we must hold that no notice to Finnerty of the proceeding was necessary in order to justify the action of the local branch. See, also, *Rice v. Grand Lodge,* 103 Iowa, 643; *Shakey v. Insurance Co.,* 44 Iowa, 540. But it is urged that Finnerty was not in fact in arrears when suspended. The evidence is in conflict on this matter, and, were it to be determined now as a simple matter of fact, doubtless a jury should settle it. But there was a provision of defendant's constitution to the effect that any member who considered that an injustice had been done him by any action of the order might within one month appeal to the supreme council, if it was in session, or to the president during a recess. Here was a provision for obtaining redress by a member within the tribunals of

the order. The general rule, we take it, is that where the laws of an association like defendant provide a remedy in the tribunals of the order for a grievance complained of, which has not been pursued and exhausted, such fact is a complete defense to an action in the courts. See the collection of cases in 3 Am. & Eng. Enc. Law (2d Ed.) 1076. But it is said plaintiff was not a member of the order, and had no right to resort to its tribunals. The answer to this is that she had no vested interest in the certificate sued upon until her husband's death, and then she took only what he left. *Carpenter v. Knapp,* 101 Iowa, 712. The identical point we are now considering was ruled against a claim similar to that made by plaintiff by the supreme court of Michigan in the case of *Canfield v. Great Camp,* 87 Mich. 626 (13 L. R. A. 625, 24 Am. St. Rep. 186, 49 N. W. Rep. 875), and we are content to adopt the line of reasoning there pursued.

The judgment of the trial court must be AFFIRMED.