## SUPERIOR COURT OF BALTIMORE CITY.

Filed March 2, 1907.

---

JOHN DONNELLY
VS.
SUPREME COUNCIL CATHOLIC BENEVOLENT LEGION.

---

*Heuisler & Sauerwein* for plaintiff.

*R. B. Tippett & Bro.* and *Wm. S. Bansemer* for defendant.

---

NILES, J.—

The pleadings in this case set forth the facts of plaintiff's claim and of the defense at length, and the court understands that it is the desire of the parties that the case be determined upon these pleadings, and that if the court should be of opinion that the plaintiff upon them is not entitled to recover, the demurrer to the defendant's plea should be overruled and final judgment given for the defendant.

It appears that the defendant is a body corporate organized under the laws of the State of New York, "generally for benevolent purposes, the particular business and object of which (as provided in its certificate of incorporation)," is to unite fraternally all male Roman Catholics, personally acceptable, of sound bodily health, for social, benevolent and intellectual improvement, and to afford moral and material aid to its members and their dependants by establishing a fund for the relief of sick and distressed members, and a benefit fund from which, on satisfactory evidence of the death of a member who has complied with its lawful requirements, a fixed sum is to be paid to the family or dependents of such member as he shall have directed, and from which benefit fund another fixed sum is to be paid to a member who shall have complied with all lawful requirements and who shall have become permanently disabled from attending to business or gaining a livelihood."

In the year 1882 plaintiff joined defendant, and received a "Benefit Certificate" entitling him under certain circumstances to $5,000 death benefits.

In this certificate the defendant also promised *inter alia* to pay out of its funds to the said plaintiff the sum of twenty-five hundred dollars ($2,500), "upon due proof that he has become entitled thereto under the provisions of law relative to permanent disability."

At the time plaintiff joined the defendant, and from that time until suit was brought, one of the by-laws of the defendant "relative to permanent disability," provided that "one-half of the face value of the benefit certificate may be paid to a member who shall become permanently disabled from attending to his business, or gaining a livelihood, *and is destitute of the means of support*, when he shall have arrived at the age of expectancy."

By plaintiff's certificate "the constitution and laws of the defendant in force at the time of issuing said certificate, and the laws thereafter enacted by the defendant society, together with the application for membership made by the defendant, constitute the contract between the plaintiff and the defendant"; and in his said certificate plaintiff promised and agreed among other things "to conform in all respects to the laws, rules and usages now in force or which may hereafter be adopted by the defendant."

Some time previous to November, 1901, the plaintiff arrived at the age of expectancy and preferred his claim for $2,500, as due under his certificate.

The defendant has a somewhat elaborate system of tribunals to which according to its by-laws, such claims as that of the plaintiff's are required to be referred, appeals being allowed from one tribunal to another.

The decision of certain of these tribunals being adverse to plaintiff he abandoned his claim before all the appeals allowed him were exhausted.

Thereafter, on March 24th, 1902, plaintiff instituted another and original application for the same benefits and carried this application completely through the proper tribunals established within the order. Again the decision was adverse to him, and in this decision he acquiesced.

On October 1st, 1902, plaintiff filed a third claim for the same cause, in this claim making the distinct allegation that since filing the two former applications, his financial condition had changed, in that his earning capacity had deteriorated since the filing of his said two prior applications.

This claim was pressed through all the tribunals of the order, and it also was finally rejected, "because the plaintiff was not found to be destitute of the means of support."

Subsequently, to the rejection of this his third claim, the plaintiff brought this suit.

The argument of the plaintiff is plausible, able, and shows great diligence and research, but, in the opinion of this court, the difficulties of his case are unsurmountable by any ingenuity.

He contends:

1. That there were in the by-laws of the defendant no words making the decision of the tribunals of the defendant final, and in the absence of such words, while a claimant must prosecute his claim through all these tribunals, he is, after a final adverse decision by them, at liberty to sue in court.

2. That even if his submission to the tribunals of the defendant were as conclusive upon him as a submission to an arbitration, the result of the submission in this case would not be binding upon him because the tribunals

have in this case given the reason for their decision, and this reason is contrary to law in that it bases the decision upon a by-law which is void as being (a), inconsistent with the charter and constitution of the defendant, and (b) unreasonable and contrary to public policy.

3. That the decision against him in the tribunals of the defendant is not binding upon him in the present case, because the procedure followed by these tribunals in passing upon the plaintiff's claim was a departure from the procedure prescribed by the constitution and laws of the defendant.

4. That the fact that he has made two claims, one of which he abandoned, and in the decision of the other of which he acquiesced, will not prevent him from bringing this action when his third claim has been refused by the defendant, because he has the right to bring a claim at any time that he may be permanently disabled from gaining a livelihood, after having reached the age of expectancy, no matter how many previous claims have been made by him, each claim standing on its own merits entirely unaffected by the others.

This court cannot uphold any one of these contentions.

1st. It is true, that the courts of some States make a distinction between questions of internal order, where the decision of the tribunals of a fraternal organization like the defendant shall be final, and questions of property rights, in regard to which it is held that the jurisdiction of the courts cannot be ousted, unless the decisions of these tribunals are expressly stated in the by-laws to be final. It is also true that in some of these States it is held that, in regard to such questions of property rights, it is necessary to go through all the tribunals provided by the Order, in order to make a proper demand, and that then, after refusal by the highest tribunal, the member may sue at law, but, in the opinion of this court, the rule laid down in Maryland is clearly and distinctly a different one.

The Maryland rule is (in this court's opinion) that there is nothing objectionable in the members of such an order giving the tribunals of the order the right to hear and determine all such controversies as may arise therein, as well with respect to property rights as questions of internal policy.

This court further holds that, under Maryland law, when the order has such tribunals empowered to decide such questions, their jurisdiction is exclusive, whether there is a by-law expressly stating such decision to be final or not, and that the courts cannot be invoked to review their decision of questions coming properly before them except in case of fraud. This is true, whether a member does not press his claim at all before the tribunal of the Order, or whether he carries it through only a part of the hearings which he might have in the Order. According to the law of this State (as this court understands it) it is the existence of a tribunal, properly erected and charged with the duty of determining the rights of the members as between themselves and the order, which is a bar to a suit in court of a member against such Order in regard to any question so confined to the tribunals of the member's own choice.

Anacostia Tribe vs. Murbach, 13 Md., 94.

Osceola Tribe vs. Schmidt, 57 Md., 98.

Wiegand vs. The Fraternities Accident Order, 97 Md., 443.

2nd. The provisions in the charter of the defendant relied on by the plaintiff have been cited at the beginning of this opinion. The provisions of its constitution so relied on by him are those which declare one of the objects of the defendant to be the establishment of a benefit fund from which said fund "a sum not exceeding $2,500, should be paid to a member who shall have become permanently disabled from attending to business or gaining a livelihood, and who should then have complied with all the lawful requirements of the defendant body corporate having at such time arrived at the age of expectancy."

The argument is that the charter and constitution set forth the persons who are entitled to share in this fund, that in them is not found the requirement that such persons should be "in destitute circumstances," and that therefore, any provision of the by-laws which professes to set up this additional requirement is void as inconsistent with, and contradictory to, the fundamental law of the defendant.

But when it is remembered that all these provisions of charter, constitution and by-laws were in force when

the plaintiff joined the defendant, this court cannot find in the by-law in question anything so inconsistent with charter or constitution as to allow the plaintiff to repudiate it.

Upon the other hand, taking the provisions of charter, constitution and by-laws upon this point together they seem to declare a perfectly consistent scheme as to the application of the "benefit fund," and one which in spite of the criticisms of plaintiff's attorney seems to this court to contain no provisions either unreasonable or contrary to public policy.

If these views are sound it is unnecessary to discuss the question whether the law as to the decisions of tribunals of a fraternal order is the same in every respect as the law in reference to the decisions of arbitrators.

3rd. This court is unable to adopt the view of the plaintiff's attorney, that the reference of plaintiff's claim to the "Judiciary Committee" was not in accordance with the rules of procedure of the defendant.

But even were it not proper procedure it would be at most an irregularity which would not affect the exclusive jurisdiction of the tribunals of the order over the subject matter, but one which must be corrected, if at all, by those tribunals.

4th. It is conceded that the plaintiff has actually made three claims upon his certificate before the tribunals of the defendant, one of which he abandoned before the final tribunal was reached, one of which was pressed to a final adverse decision, which decision was acquiesced in, and the third whereof was brought upon an express allegation that circumstances had changed since the decision of the second.

It may be that the defendant allows the number of claims against it under one certificate, in its own tribunals, to be unlimited. But when the plaintiff prosecutes a claim upon his certificate before the tribunals of the defendant which claim he afterwards abandons, and subsequently prosecutes another claim upon the same certificate before the same tribunals to a final decision in which decision be acquiesces, *he certainly makes these bodies so far as this certificate is concerned the tribunals of his own choice.* These tribunals have decided against him.

Our Court of Appeals have said and then repeated these words "If the tribunal of his own choice has decided against him, he ought not to complain."

In accordance with the understanding alluded to in the beginning of this opinion, the demurrer to the defendant's plea will be overruled and judgment entered for the defendant.