Tucker v. Kirkpatrick.

---

No. 22,867.

ARTHUR TUCKER et al., *Plaintiffs*, v. J. M. KIRKPATRICK, as President, etc., of THE SECURITY BENEFIT ASSOCIATION et al., *Defendants*.

OPINION DENYING A REHEARING.

Original proceeding in mandamus. Opinion denying a rehearing filed October 9, 1920. (For original opinion denying writ of mandamus see 106 Kan. 881, 189 Pac. 946.)

*J. J. Schenck, S. L. Lashbrook,* and *Edwin D. McKeever,* all of Topeka, for the plaintiffs.

*George R. Allen, Leonard S. Ferry, Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the defendants.

The opinion of the court was delivered by

BURCH, J.: In a petition for rehearing the plaintiffs bring to the attention of the court the case of *Golden Star Lodge No. 1 v. Watterson,* 158 Mich. 696. It is said the question presented in that case is identical with the one presented by the plaintiffs, and that the conclusion reached by the Michigan court is opposed to that announced by this court.

The action in the cited case was one of mandamus to compel restoration of a forfeited lodge charter. In the opinion it was said:

"There is no provision in the charter of this society for an appeal by a subordinate lodge. The only appeal provided is by an aggrieved member; and, even in that case, the charter does not make the determination of the appellate tribunal final. Consequently, *Fillmore v Knights of Maccabees,* 103 Mich. 437 (61 N. W. 785), and like cases, have no application to the facts of this case. It is, however, insisted that it was the duty of the members of the relator to apply for admission to some other subordinate

lodge; but such applicant cannot become a member of some other lodge as a matter of right. Four black balls will defeat her election; and, besides, she is required to pay a fee of fifty cents as a condition to admission. The law will not leave property right of members to such an uncertain remedy. The fifty-two members composing the relator are one body of individuals, just as much as are the stockholders of a corporation. Their organized body is authorized to represent them in controversies which involve the rights of all. In these controversies they have chosen certain officers to speak for them and to protect their rights. One suit can settle the rights of all; but respondents' contention would leave each member to fight her own battle. I find no authority sustaining this contention." (*Golden Star Lodge No. 1 v. Watterson,* 158 Mich. 696, 701.)

The decision has no bearing whatever on the present controversy. The action was brought by the dissolved lodge, and not by a member of the lodge. While members might resort to tribunals of the order, the lodge itself was denied that remedy, and consequently it was permitted to go directly to the civil courts. The question in this case—the privilege of a member to invoke aid of a court without taking advantage of a by-law allowing him to appeal—was not adjudicated, and could not be.

In the petition for rehearing it is said this court, in the former opinion, held that Capital Council No. 1 had a right to appeal. The plaintiffs have not given the opinion careful attention, or the assertion would not have been made. The court did not have before it the subject of the remedies available to Capital Council No. 1. The only allusion to the subject was the statement that "there is no specific provision for an appeal by a subordinate council from a decision to dissolve it" (*Tucker v. Kirkpatrick,* 106 Kan. 881, 882), and the opinion was confined to the subject of remedies of a member.

The petition for rehearing makes much of the Michigan court's treatment of the suggestion made in the case before it, that members of the dissolved lodge should have applied for admission to some other lodge. This court treated the same subject in the same way, and reached a conclusion identical with that of the Michigan court.

The petition for rehearing makes much of the Michigan court's argument that the lodge, in the case before it, was an organized body, having authority to represent its members in controversies affecting the rights of all, that one suit could settle the rights of all, and that the respondent's contention would leave each member to fight her own battles. This argu-

ment was made in vindication of the privilege of the lodge, which was not permitted to appeal, to resort to the courts. If Capital Council No. 1 were here in place of the plaintiffs, this court would be pleased to consider the argument. Capital Council No. 1, however, is not here. It has left the plaintiffs to fight their own battle, and the question is, What course were the plaintiffs required to pursue? They claim an injustice has been done them in dissolving their council, taking over its money and property, depriving them of their insurance, and depriving them of membership in the order. They were given authority to apply to the national council for relief, and consequently they were in a situation analogous to that of the plaintiff in the case of *Finnerty v. S. Council C. K. of A.*, 115 Iowa, 398, in which the court said:

"There was a provision of defendant's constitution to the effect that any member who considered that an injustice had been done him by any action of the order, might within one month appeal to the supreme council, if it was in session, or to the president during a recess. Here was a provision for obtaining redress by a member within the tribunals of the order. The general rule, we take it, is that where the laws of an association like defendant provide a remedy in the tribunals of the order for a grievance complained of, which has not been pursued and exhausted, such fact is a complete defense to an action in the courts." (p. 400.)

It may be remarked here that no multiplicity of proceedings is involved in applying the general rule, because the successful appeal of one member of Capital Council No. 1 from an order dissolving it would reinstate the council.

In the petition for rehearing it is said the court did not give sufficient consideration to the fact that property rights are involved. The case would have been out of court long ago if it had not been recognized that property rights are involved. Other matters presented by the petition for rehearing are sufficiently dealt with in the former opinion, and the petition is denied.