John H. Hembeau v. The Great Camp of the Knights of the Maccabees for Michigan.

*Mutual benefit associations—Death claims—Power of committee—
Finality of decision—Public policy.*

1. It is competent for a mutual benefit association to provide a law of its order, to which all parties assent, which makes a finding of liability by the duly-constituted committees of the order a condition precedent to a right to receive benefits.

2. A provision in the laws of a mutual benefit association that the decision of a tribunal created by the constitution to pass upon death claims shall be final, and bar any suit at law or in equity therefor, is sustained as within the rulings in *Van Poucke v. Society,* 63 Mich. 378; *Canfield v. Knights of Maccabees,* 87 Id. 626.

101 Mich.—11.

101  161
103  442

101  161
114  392
101  161
116  702
101  161
s59NW 417
s45ASR 400
133  2343
101  161
f137 2526
101  161
138  2387
101  161
144  2423
101  161
158  2197

3. The laws of a mutual benefit association confined beneficiaries to widows, relatives within the first degree of kinship, and dependents, and provided that the executive committee should have power to pass on all death claims,. and that its decision should be final unless appealed from to a higher body, the decision of which body should bar any suit at law or in equity by the beneficiary to recover the insurance. A member named as beneficiary an alleged dependent, and the executive committee rejected the claim of the beneficiary on the ground that he was not such dependent, and the higher body affirmed the decision on appeal. The beneficiary sued to recover the insurance, and alleged that, at the time the decedent became a member, the agent of the order assured him that the plaintiff was a dependent, within the meaning of the policy. There was no averment of any facts tending to show fraud on the part of the executive committee or the higher body. And it is held that, this being. so, one of the very questions which they had to determine was the effect of any alleged statements which the plaintiff was able to prove had been made by the agent, and that the case cannot therefore, on this ground, be distinguished from *Canfield v. Knights of Maccabees,* 87 Mich. 626.

Error to Saginaw.    (McKnight, J.)    Argued May 1, 1894.    Decided June 16, 1894.

*Assumpsit.* Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Rowland Connor,* for appellant.

*Durand & Carton,* for defendant.

MONTGOMERY, J.    The defendant is a fraternal and mutual benefit association, doing business on the assessment plan.    It pays beneficiaries of the class to which deceased belonged $1,000 in case of death.    By the laws of the order, beneficiaries are confined to widows, relatives within the first degree of kinship, and to dependents. Alexander Coderre became a member of the order in 1891, and named the present plaintiff as beneficiary, claiming

that he was a dependent.    Coderre died July 16, 1892. Proofs of death were made by plaintiff.    The executive committee of the order, which passes on death claims, refused to allow the claim of plaintiff, on the ground that plaintiff was not, and never had been, a dependent of Coderre.    On appeal to the Great Camp, this action of the executive committee was sustained.    Plaintiff then brought the present suit in the circuit court for the county of Saginaw, and on the trial the circuit judge directed a verdict for the defendant, on the ground that, by his contract, the plaintiff was precluded from maintaining the action.

Among the laws of the order at the time that Coderre became a member of the defendant, and also in force at the time of his death, was section 83, which provides:

"The executive committee shall have power to pass on all death claims, and if, in their judgment, any such claim is not, on its face, a valid one, they shall notify the beneficiary or beneficiaries of the deceased member thereof, and give them or their attorneys an opportunity to appear before such committee within 60 days thereafter, and present such evidence as they may have to establish the justness of the said claim; and the said committee shall try, hear, and decide upon the justness or validity of such claim, and such decision shall be binding on such claimant, unless an appeal is taken to the Great Camp.    The notice of the appeal from the decision of the committee must be filed with the great record keeper within 60 days thereafter.    The decision of the Great Camp in all such cases shall be final, and no suit in law or equity shall be commenced or maintained by any member or beneficiary against the Great Camp."

We think the ruling of the circuit judge was in accordance with the holdings of this Court in *Canfield v. Knights of Maccabees,* 87 Mich. 626, and *Van Poucke v. Society,* 63 Id. 378.    An attempt has been made to distinguish this case, but we do not discover any difference in principle between the Canfield case and the present.

That was a death claim, and the plaintiff was wholly defeated. It was sought to try by the suit at law the question of whether the policy was binding at the time of the death of the deceased. The only possible difference between that and the present case is that in the present case the determination of the Great Camp was that the policy never was of binding force. But this is not sufficient to distinguish the cases in principle.

The plaintiff contends that this law of the order is invalid as against public policy, for the reason that it attempts to oust the courts of jurisdiction.[1] The same point was made in the Canfield case, and, while it was not much discussed, this Court held that the case was controlled by the Van Poucke case. The holding of the courts places contracts of this nature by which one becomes a member of a mutual association, and entitled to benefits in case of disability, or whose heirs are entitled to benefits in case of death, as upon a different footing than ordinary contracts between individuals. As was said in the case of Rood v. Benefit Association, 31 Fed. Rep. 63:

"This is a purely voluntary association. The members of the association have, by their own organic law, provided a tribunal to hear and determine all claims against it, and I do not think any court can be invoked to review the action of the board in a matter so completely delegated to them. To attempt to enforce by suit any claim which the board of directors has acted upon, or refused to allow or approve, is equivalent to prosecuting an appeal from this board. It was certainly competent for the members of this association to agree among themselves that the action of their board of directors in reference to any claim presented against the association should be final; and there can be no doubt from the language of the clause from the constitution just quoted that they have so agreed."

---

[1] For a consideration of this contention regarding certain provisions in policies of insurance, see Utter v. Insurance Co., 65 Mich. 554; Lumber Co. v. Insurance Co., 80 Id. 120.

See, also, *Woolsey v. Odd Fellows*, 61 Iowa, 492; *Anacosta Tribe v. Murbach*, 13 Md. 91; *Society v. Vandyke*, 2 Whart. 308; *Toram v. Association*, 4 Penn. St. 519; *Lantalum v. Insurance Co.*, 22 New Br. 14.

The effect of this agreement would not be to oust the court of jurisdiction in case the Great Camp should determine that the plaintiff was entitled to benefits, but should refuse to proceed to make payment. But such is not the case here. The plaintiff has submitted his claim to the jurisdiction provided by the laws of the order, and has been defeated therein, and now applies to the courts for redress. We think it was competent, under the decisions cited, for the association to provide a law of its order to which all parties should assent, and which should make a finding of liability by the duly-constituted committees of the order a condition precedent to a right to receive benefits.

The plaintiff claims that the decision of this Court in *Risser v. Hoyt*, 53 Mich. 185, and other cases in which it has been held that the Legislature may not impair the right of trial by jury, are inconsistent with the validity of such an engagement as the one under consideration. We fail to see how the cases have any application to the question before us. This is not a case of an attempted exclusion of remedy by the Legislature, but a case where the parties have agreed that only on certain terms and under certain conditions shall a member be entitled to receive any benefits, or the beneficiary named be entitled to receive any sum in case of the death of the member.

But it is claimed, further, that the company is guilty of fraud, which takes this case out of the rule laid down in *Canfield v. Knights of Maccabees*. The declaration alleges that, before coming into court, the plaintiff diligently prosecuted his claim for payment, and has exhausted

his remedies, before the tribunals provided by the order; and the plaintiff further alleges that "the defendant, in so refusing, as aforesaid, to pay said sum of money to said plaintiff, is acting in violation of the laws, rules, and regulations of said association, and is willfully seeking to defraud said plaintiff." The only respect in which any fraud is alleged is that, at the time Coderre became a member, the agent of the company assured Coderre that the plaintiff was a "dependent," within the meaning of the policy. There is no averment of any facts tending to show fraud on the part of the executive committee or of the Great Camp. This being so, one of the very questions which they had to determine was the effect of any alleged statements which the plaintiff was able to prove had been made by the agent of the company. Fraud cannot be predicated upon the decision of the tribunal constituted by the parties themselves, either as to the equity or the law of the case considered, unless, in fact, such committee acted in bad faith and oppressively. No such allegations are contained in the declaration, and the case cannot therefore, on this ground, be distinguished from the Canfield case.

The judgment of the court below will be affirmed, with costs.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.