116    699
s75NW  137
133   ²343
116    699
f134  ² 89

RUSSELL v. NORTH AMERICAN BENEFIT ASSOCIATION.

1. BENEFIT INSURANCE — BY-LAWS — ARBITRATION — VALIDITY OF AWARD.

Where the by-laws of a benefit association, which, by reference, are made a part of its policy, contain a provision that an award by arbitrators, who, under the terms of the policy, are to decide all disputed claims, shall be legal only if signed by all three of the arbitrators, an award signed by two of the arbitrators, but not signed by the one appointed by the association, cannot be enforced against it, although it is shown that the assured had never been furnished with a copy of the by-laws, and that the association refused to produce a copy before the arbitrators when requested to do so.

2. SAME.

By-laws of a benefit association, referred to in its policy and made a part thereof, providing for arbitration of disputed claims, and that the award shall be final, but that no award shall be valid if not signed by all of the arbitrators, in which case either party shall have the right to a new arbitration, and providing that no suit in law or equity shall be commenced or maintained by any member against the association, will not be declared inoperative on the ground that they are unreasonable and oppressive.

3. APPEAL—COSTS.

The Supreme Court will, in its discretion, disallow costs on appeal, where the conduct of the prevailing party in relation to the suit is not such as to commend itself to a sense of justice.

Error to Wayne; Grove, J., presiding.   Submitted April 7, 1898.   Decided May 6, 1898

Assumpsit by Wilber Russell against the North American Benefit Association upon an award made under a policy of insurance.   From a judgment for defendant on verdict directed by the court, plaintiff brings error, Affirmed.

*R. C. Barnes*, for appellant.

*George W. Bates*, for appellee.

Moore, J.   This suit is on an award made on a claim for a funeral benefit of $50 upon a policy of insurance. The court below directed a verdict in favor of defendant. The certificate of insurance contained a reference to the constitution and by-laws of the company, and made them a part of the policy.   On the back of the policy, among other statements, was this one:

"In case any question shall arise as to the validity of any claim for sickness, injury, or death, the same shall be arbitrated by a board of three physicians in good standing; said board to consist of one physician to be appointed by the medical director, and to be paid for by the association, and one physician to be selected by the member, and to be paid for by the said member; the third physician to be selected by the medical director's appointee and the member's appointee; said third physician to be paid for equally by the association and the member; and the decision of said board of arbitrators shall be final."

On the presentation of the claim to the defendant it did not pay the claim, but demanded an arbitration, and arbitrators were selected.   It is the claim of the attorney for the plaintiff that he heard, shortly before the arbitration, that defendant meant to defeat the claim through the provisions of the by-laws, and that he demanded from its manager that a copy of them be produced before the arbitrators, and that this demand was refused; that he requested the arbitrators to require a copy of the by-laws to be produced, but they declined to do so upon the ground of want of authority.   It is also claimed by plaintiff that a copy of the by-laws was never furnished the assured, and that it was supposed by the plaintiff that the condition indorsed on the back of the policy, in relation to arbitration, was the only provision made between the parties in relation thereto.   The claim is also made that all the arbitrators agreed upon awarding $50 to plaintiff, but that, for want of time to draw the finding, it was not signed on the eve-

ning of said agreement, but an adjournment was had until next morning to draw and sign it; that at this adjourned meeting the arbitrator selected by the defendant absented himself, and sent a note in effect declining to sign the award. It was signed by the other two arbitrators. The defendant refused to pay the award, and suit was brought upon it. The defense was that it was not a valid award, because not signed by the three arbitrators, as required by the by-laws. The by-laws were produced for the first time on the trial, and introduced in evidence, and, so far as material, are as follows:

"In case any question shall arise as to the validity of any claim for sickness, accident, or death, the same shall be arbitrated by a board of three registered physicians in good standing; said board to consist of one physician to be appointed by the medical director, and to be paid for by the association, and one physician to be appointed by the member, and to be paid for by the member; the third physician to be selected by the medical director's appointee and the member's appointee, to be paid for equally by the association and the member. The award of said board of arbitrators must be signed by all the arbitrators, and in all such cases, when so signed, shall be final, and no suit in law or equity shall be commenced or maintained by any member or beneficiary against the North American Benefit Association. If the award is not signed by the full board of arbitrators, then, in that case, either party shall apply for a new arbitration, and the said board of arbitrators shall be appointed as stated heretofore; and all awards made by any board of arbitrators must be signed by all the arbitrators, and, if not so signed, then there is no legal award, and either party shall apply for a new arbitration; and no suit in law or equity shall be commenced or maintained by any member or beneficiary against the North American Benefit Association."

The trial judge felt it his duty, in view of the provisions of these by-laws, to direct a verdict in favor of defendant. It is now urged that, as defendant failed to produce the by-laws at the hearing before the arbitrators, it must be deemed to have waived the signing of the award by all the arbitrators as provided in the by-laws. If this was a

case where suit might be brought upon the policy itself in case an effort to arbitrate had failed without the fault of the plaintiff,'— a question upon which we express no opinion,—there would be a good deal of force in this contention.   This is not a suit of that character; it is a suit upon an award which is shown by the contract made by the parties to be invalid.   It is urged by plaintiff that the by-laws are unreasonable and oppressive, and should not be allowed to control.   By-laws of a similar character have been before the courts in this State so often that their *status* is settled.   *Canfield* v. *Knights of Maccabees*, 87 Mich. 626 (24 Am. St. Rep. 186); *Hembeau* v. *Knights of Maccabees*, 101 Mich. 161 (45 Am. St. Rep. 400); *Raymond* v. *Insurance Co.*, 114 Mich. 386.   The decision of the court must be affirmed.

This suit originated in justice's court.   As the question of costs is discretionary, and the conduct of the defendant in relation to the by-laws is not such as to commend itself to our sense of justice, no costs will be allowed to either party.

The other Justices concurred.