PATRONS' MUTUAL FIRE INSURANCE CO. OF MICHIGAN, LIMITED, *v.* ATTORNEY GENERAL.

1. INSURANCE—MUTUAL BENEFIT ASSOCIATIONS—BY-LAWS—ARBITRATION—EXHAUSTING REMEDIES.

By-laws of a mutual fire insurance company providing for a permanent board of arbitration to be appointed from the members of the association as a board of appeal, and for the appointment of an adjusting board of three members to report on the loss and the claim of insured, and providing that the board of arbitration shall have exclusive jurisdiction and their finding shall be final, are valid and do not conflict with 2 Comp. Laws, § 7296, authorizing suit after 60 days from the date that a claim shall become due.

2. SAME.

As no claim can become due under the policy until the board of arbitration shall award it, the by-law does not oust the courts of jurisdiction.

3. SAME—COMPROMISE AND SETTLEMENT—ARBITRATION.

Such arbitration tribunal is lawful and in the absence of bad faith its decision is final.

Mandamus by the Patrons' Mutual Fire Insurance Company of Michigan, Limited, against Franz C. Kuhn, attorney general of said State, to compel the approval of amended articles of association of the relator. Submitted March 13, 1911. (Calendar No. 24,494.) Writ granted July 5, 1911.

*G. C. Leibrand* (*Thomas, Cummins & Nichols*, of counsel), for relator.

*Franz C. Kuhn*, Attorney General (*A. P. Hicks*, of counsel), for respondent.

BIRD, J. The relator instituted this proceeding to compel the respondent to approve its amended articles of association, in compliance with section 7292, 2 Comp. Laws.

The relator company became a corporation in March, 1902, by virtue of Act No. 262, Pub. Acts 1895 (2 Comp. Laws, §§ 7287–7301). At its regular annual meeting held in December, 1910, it amended its articles of association, and when in due form submitted them to the attorney general and requested his certificate that the amended articles were in conformity with the act under which it was organized. The amended articles provide for an adjusting board of three members to be appointed by the president and secretary. They further provide for an arbitration board composed of three members to be appointed by the directors, to which an appeal may be taken by the company or a member in the event that either party is aggrieved by the decision of the adjusting board.

The duties and powers of the adjusting board are defined as follows:

"(c) The duties of said adjusting board shall be to investigate the standing of the losing member in his subordinate grange, his compliance with the policy contract, the justice of his claims, the validity of his policy, the cause of the loss and the liability of the company, and to fix the amounts and valuations of property lost, and shall make a full report of their proceedings and findings to the secretary of the company.

"(d) If required, the loser shall submit to a full examination under oath by the adjusting board or, in case of an appeal, by the board of arbitration, of all matters pertaining to said loss, his application for insurance, his policy, his membership in the grange, his standing as regards dues, etc. And if there be any fraud or evasion on his part with fraudulent intent, the claimant shall forfeit all claims for such loss under his policy."

The duties and powers of the board of arbitration are:

" When an appeal is taken to the board of arbitration, said board shall investigate, try, hear and decide upon the justice of the claim, the validity of the policy, the liability of the company and fix the amounts and valuations of the property lost or destroyed, and no suit at law or in equity shall be commenced or maintained by any loser or the company to determine the justice of the claim, the validity of the policy, the liability of the company or to fix amounts or valuations, but the board of arbitration shall have exclusive jurisdiction to determine all controversy between the loser and the company, and such determination shall be binding and conclusive upon any such loser and the company."

The application blanks for insurance contains the following clause:

" I accept this insurance subject to the articles of association and the rules and regulations and by-laws of said company, now in force or that may hereafter be in force.'

In its policy the company agrees to pay "as specified in the articles of association and by-laws as printed hereon, and which are, together with the application, a part of this policy and agreement."

After examination of the articles by the attorney general, he declined to certify that they were in conformity with the statute, and assigned the following reasons for his refusal:

"(1) That they are in contravention of section 10 of the act under which petitioner is incorporated, which section provides that 'suit at law may be prosecuted and maintained by any member against such corporation for claims which may have accrued, if payments are withheld more than 60 days after such claims shall become due.'

"(2) That the provisions in said amended articles relative to an adjusting board and board of arbitration are invalid for the reason that they operate to oust the courts of jurisdiction, and hence are contrary to well-settled rules of public policy."

1. The respondent makes the point that the act under which the relator is organized provides that "suit at law may be prosecuted and maintained by any member against such corporation for claims which may have accrued, if payments are withheld more than sixty days after such claims shall have become due;" and argues that the charter provision that "no suit at law or in equity shall be commenced or maintained by any loser or the company to determine the justice of the claim," etc., is an infringement of the statute. This precise question seems to have been passed upon in *Hembeau* v. *Knights of Maccabees*, 101 Mich. 161 (59 N. W. 417, 49 L. R. A. 592, 45 Am. St. Rep. 400), and approved in *Raymond* v. *Insurance Co.*, 114 Mich. 393 (72 N. W. 256), where it is said:

" 'This is not a case of an attempted exclusion of remedy by the legislature, but a case where the parties have agreed that only on certain terms and under certain conditions shall a member be entitled to receive any benefits, or the beneficiary named be entitled to receive any sum in case of the death of the member.'

" We cannot distinguish between this case and one that arises upon a certificate of a mutual benefit society insuring life. The language used in the cases cited seems equally applicable to this. Nor can we say consistently that the by-law is inconsistent with section 4258 of the statute, which only mentions claims that have become due. By the

terms of the contract this claim has not become due, and could not, unless a sum should be awarded by the arbitrators."

The case of *Raymond* v. *Insurance Co.*, *supra*, was one where the defendant was organized under this act, and the same questions were raised as are here raised, and they were disposed of by the court adversely to the respondent's contention. We think this question is ruled by the holding in that case.

2. The objection that the clause in the articles which provides that no suit at law or in equity shall be commenced or maintained by any loser of the company to determine the justice of the claim, etc., operates to oust the courts of jurisdiction, is likewise answered by the *Raymond Case.*

The doctrine is well established in this State that members of a voluntary society may set up a tribunal to adjust the differences that arise between the association and its members, and make its decision final in the absence of bad faith or a refusal to act or to pay after an adjudication has taken place. *Van Poucke* v. *St. Vincent de Paul Society*, 63 Mich. 378 (29 N. W. 863); *Canfield* v. *Knights of Maccabees*, 87 Mich. 626 (49 N. W. 875, 13 L. R. A. 625, 24 Am. St. Rep. 186); *Hembeau* v. *Knights of Maccabees*, 101 Mich. 161 (59 N. W. 417, 49 L. R. A. 592, 45 Am. St. Rep. 400); *Fillmore* v. *Knights of Maccabees*, 103 Mich. 437 (61 N. W. 785); *Raymond* v. *Insurance Co.*, 114 Mich. 386 (72 N. W. 254); *Russell* v. *Benefit Association*, 116 Mich. 699 (75 N. W. 137).

We are therefore of the opinion that the relator's amended articles are within the statute and decisions of this State. The writ will issue as prayed.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.