LAXTON *v.* PATRONS' MUTUAL FIRE INSURANCE CO. OF MICHIGAN, LIMITED.

INSURANCE—MUTUAL BENEFIT ASSOCIATIONS—WAIVER OF BREACH OF INSURED.

> Where plaintiff, a member of a mutual fire insurance association, organized to insure members of a grange order in good standing, withdrew from the local grange and ceased paying dues, forfeiture of the policy of insurance according to the strict terms thereof was waived by the insurer which took no action to cancel the policy and continued to receive assessments upon the policy after notice to its secretary of the status of insured.

Error to Ingham; Wiest, J. Submitted December 11, 1911. (Docket No. 186.) Decided February 10, 1912.

Assumpsit by Arthur H. Laxton against the Patrons' Mutual Fire Insurance Company of Michigan, Limited, upon a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*E. C. Chapin* and *G. C. Liebrand,* for appellant.

*Tuttle, McArthur & Dunnebacke,* for appellee.

MOORE, C. J. The defendant is a Michigan corporation, organized under the provisions of Act No. 262, Pub. Acts 1895 (2 Comp. Laws, §§ 7287 *et seq.*), entitled "An act to provide for the incorporation of mutual fire insurance companies, limited, and defining their powers and duties."

On December 20, 1905, the plaintiff applied for insurance on certain personal property. He was then a member of the order Patrons of Husbandry, in good standing in Grange No. 874. On January 17, 1906, a policy was delivered to him. The rule as to membership is stated in article 2 of the articles of association as follows:

"This company is formed for the mutual protection of its members who are members in good standing in the order Patrons of Husbandry, for the purpose of mutual insurance of their property against loss by fire or damage by lightning, which property to be insured may comprise grange halls, dwelling houses, etc., belonging to members of said company."

At some date after the policy was issued, probably about two or three years before the fire, the plaintiff took either a demit or withdrawal card from said Telephone Grange, and from then on, and up to the time of his fire, he did not present his demit to any other grange, and paid no grange dues.

Mr. Van Auker was appointed collector of the local grange, and had knowledge of what was done by the plaintiff; and it was the claim of the plaintiff that Mr. Van Auker communicated his knowledge to the secretary of the company. The defendant denies the latter contention. The plaintiff continued to pay his assessments to the defendant company, including one assessment after the fire which resulted in a loss to the plaintiff, for which this suit is brought. The fire occurred July 28, 1909. After the fire, some correspondence occurred between the plaintiff and the secretary. Later a personal interview was had between them, when the secretary advised the plaintiff that the defendant would not pay his loss, because the insured had not paid his dues to the grange at the time of the fire.

The defendant retained all the assessments paid to it, and still retains them, except the assessment which was made and paid about two months after the fire, and after defendant knew all the facts. As to this assessment, the defendant sent a check for the amount thereof to the plaintiff on November 8, 1909. Upon the trial, this check was tendered back to the attorney for the defendant, who declined to receive it.

This suit was brought December 10, 1909. Mr. Laxton's policy was canceled in January, 1910. The case

was tried before a jury, which returned a verdict in favor of the plaintiff. The case is brought here by writ of error.

It was the claim of defendant that, because plaintiff had taken a demit from the local grange, and had not paid dues to the grange for more than six months before the fire occurred, this avoided the policy. The plaintiff makes two answers to this contention: *First*, that the defendant, through its secretary, had knowledge of what was done by the plaintiff, and did not cancel the policy. *Second*, that, after this knowledge came to it, the defendant assessed plaintiff, collected the assessments, and still retains them. It was the idea of the trial judge that these various contentions presented questions for the jury.

The first claim of defendant demanding attention is as follows. We quote from the brief:

"On the direct examination of plaintiff, he testified he had paid assessments every year since he received his policy. This is not disputed; but there is no evidence in the case, or any claim made, that the plaintiff ever advised the defendant of his withdrawal from the grange and nonpayment of grange dues."

This claim is somewhat anomalous, in view of what was done upon the trial when defendant asked the trial court to submit to the jury a special question, which, with its answer, reads as follows:

"Was Mr. Holden notified by Mr. Van Auker that Mr. Laxton had withdrawn from the grange?

"*Answer:* Yes."

It would do no good to set out in detail the testimony bearing upon this question; but we shall content ourselves with saying that it presented an issue for the jury, which found against the claim of defendant.

It is now urged that the secretary of the company could not waive the forfeiture. It is hardly necessary to set out verbatim the provisions which apply to this phase of the case. The fact is not in dispute that after it is claimed the policy became void, and after, according to the find-

ing of the jury, the secretary had notice of the facts, that assessments were made and collected, which assessments are yet retained by the defendant.   Under these circumstances, we think the judgment should stand under the following authorities: *Olmstead* v. *Insurance Co.*, 50 Mich. 200 (15 N. W. 82); *Towle* v. *Insurance Co.*, 91 Mich. 219 (51 N. W. 987); *Lord* v. *Protective Society,* 129 Mich. 335 (88 N. W. 876); *Hogadone* v. *Insurance Co.*, 133 Mich. 339 (94 N. W. 1045); *Reimold* v. *Insurance Co.*, 162 Mich. 69 (127 N. W. 17).

Judgment is affirmed.

STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.   OSTRANDER AND BIRD, JJ., did not sit.